[No. 9729. Department Two. — July 28, 1885.]

CHARLES E. FLEMING, RESPONDENT, *v.* A. J. W. ALBECK, APPELLANT.

PLEADING — GENERAL DEMURRER. — A general demurrer addressed to the whole of a complaint should be overruled if some portion of the complaint states a cause of action.

PRACTICE — SPECIFICATION OF ERRORS. — Where the specification of errors in a statement of the case on motion for a new trial does not comply with the statute, it will be disregarded on appeal; but if a particular error is sufficiently indicated, it will be considered, although the place where it is found is not correctly given, and it is not numbered to correspond with the specification.

LIBEL — EVIDENCE — DAMAGE. — In an action for libel, where the complaint contains no averment of special damage, it is error to permit a witness to state his opinion as to the amount of damage the plaintiff has sustained.

ID. — PART OF PUBLICATION NOT LIBELOUS PER SE. — Where the alleged libel consists of two distinct parts, one of which is not libelous *per se*, this part should be distinguished from that which is libelous.

APPEAL from a judgment of the Superior Court of the county of Merced, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Ostrander & Knox,* and *Dunne & Davidson,* for Appellant.

Evidence cannot be introduced to prove general damage. (*Andrews* v. *Jones,* 10 Ala. 400; *Bank of Mobile* v. *Borland,* 5 Ala. 531, 546; *Lincoln* v. *S. & S. R. R. Co.* 23 Wend. 425; *Herrick* v. *Lapham,* 10 Johns. 281; *Baylis* v. *Lawrence,* 11 Ad. & E. 105; *Hunt* v. *Bennett,* 19 N. Y. 173.)

*Bennett, Wigginton & Creed,* for Respondent.

The specification of errors should be disregarded. (Code Civ. Proc. § 659; *Douglas* v. *Fulda,* 54 Cal. 588; *Thompson* v. *Patterson,* 54 Cal. 545, 546; *Carter* v. *Allen,* 4 West C. Rep. 385.)

MYRICK, J. — Action for libel. The alleged libel consists in the publication of a card in which the plaintiff was charged with having accused the defendant of setting fire to his (the defendant's) building. The card also contained a letter; at the foot of the letter occurs the following: "I wonder if the under sheriff, C. E. Fleming, has caused some one to send the above epistle to me?"

The complaint was demurred to, which demurrer was overruled. This ruling was correct because the demurrer was general, addressed to the whole complaint; and as in a portion of the complaint a cause of action was stated, a general demurrer was properly overruled.

Many erroneous rulings in regard to evidence appear in the transcript which cannot be ground for reversal, for the reason that the statement does not comply with the statute as to the specification of errors. We quote one specification as a sample of many others: "The court erred in overruling defendant's objection to question put by plaintiff's counsel to witness H. W. French, marked in the foregoing statement exception No. 1, and found in lines 10 and 23, page 10." Three other specifications in similar language, the exceptions numbered 2, 3, and 4, respectively, refer to the same witness, and a page and line are stated as to each. On looking through the transcript we find no exception numbered or marked, and at the pages indicated we find nothing relating to the points endeavored to be presented. In only one instance out of ten does the specification tend to point out the error, and that is in reference to the witness Howell, and because but one exception appears in connection with his examination. For that reason we can notice that exception, although the place where found is not correctly given, and it is not numbered. The witness was asked what in his opinion would be the fair amount of money in compensation for plaintiff's damages? This was error. No special damage was averred in the complaint, nor cause for special damage stated; therefore the jury and not the witness was to say what damage had been sustained.

As the case goes back for a new trial we will say that the letter contained in the card as published is not libelous without an *innuendo*, and should have been distinguished from that part of the card which was libelous.

Judgment and order reversed and cause remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.