WESTERN UNION TELEGRAPH COMPANY v. FRANK M. SMITH.

No. 2829.

**Petition Subject to General Demurrer.**—See petition seeking damages for negligence by a telegraph company in failing to deliver a dispatch sent by the plaintiff, from which failure many and indefinite wrongs and injuries were alleged to have resulted, which petition was held subject to general demurrer.

APPEAL from Colorado. Tried below before Hon. George McCormick.

This is an appeal from a judgment for $150 in favor of appellee Smith for negligent failure to deliver a telegram sent by the said Smith. The allegations in the petition are given in the opinion, which presents the only question discussed in the opinion.

*Stemmons & Field,* for appellant.

*McLean & Munson,* for appellee. — The elements of damages upon which plaintiff recovered, and as are set out in his petition, are not so remote, conjectural, or uncertain as to be irrecoverable under proper averments, and are such as may be reasonably and fairly considered as arising naturally—that is, according to the usual course of things—from such breach of contract and in the contemplation of the contracting parties at the time the contract for transmission was made, as to the probable result of the breach itself, and are actionable. Stuart v. Tel. Co., 66 Texas, 580; So Relle v. Tel. Co., 55 Texas, 308; Loper v. Tel. Co., 70 Texas, 689; Railway v. Young, 60 Texas, 201; Wilson v. Railway, 69 Texas, 739; Tel. Co. v. Cooper, 71 Texas, 507; Field on Dam., p. 21; 1 Suth. on Dam., 148, *et seq.;* Tel. Co. v. Broesche, 72 Texas, 654; 1 Ct. App. C. C., sec. 1152; Hadley v. Bakendale, 9 Exch., 341; Scott & Jarnigan, secs. 406–8, and notes; 1 Ct. App. C. C., sec. 801.

HENRY, ASSOCIATE JUSTICE.—Appellee delivered to appellant the following message, to be transmitted over its wires:

"MERKEL, TEXAS, October 21, 1886.

*"To J. C. Ratcliff, Columbus, Texas, care of Simpson & Crebbs:*

"Meet me in Columbus Saturday night.

[Signed]        "FRANK M. SMITH."

Plaintiff in his amended petition charges that he is a merchant, a banker, and the treasurer of Jones County, Texas; that on the 21st day of October, 1886, he was at Merkel, and having important business with said Ratcliff, who resided in Colorado County, and being then on his way to said county to have a personal interview with him, and being pressed for time because he had other important engagements to meet, and the nature of his business at home demanding his speedy return, he sent the above dispatch, and paid fifty cents for transmitting it; that when he delivered the message "he informed defendant's agent that the message was important, and of the circumstances making necessary its speedy transmission and delivery;" that plaintiff proceeded on his journey, and on his arrival at Columbus he failed to find said Ratcliff, and on inquiry he found that the message had not been delivered to Simpson & Crebbs, although they had an office in said city, which was well known to defendant's agent there; that at the date of said message Simpson & Crebbs were transact-

ing said Ratcliff's business, and if the message had been delivered to them it would have been forwarded to Ratcliff in ample time for him to have met plaintiff, and he would have done so, saving plaintiff from further delay; that on account of the nondelivery of the message he was compelled to incur great expense in procuring a conveyance to the home of Ratcliff, which was about twenty-five miles distant from Columbus; that on reaching the home of Ratcliff he found him absent, and plaintiff had to go a distance of twenty-five miles further to find him; that by reason of the delay in finding Ratcliff he reached Columbus on his return too late for the train, and in order to recover as much time as possible and obviate the delay of one day, he employed a liveryman to drive him to the town of Sealey, to another railroad, a distance of about thirty miles; that by reason of the failure to deliver the message he is damaged the amount paid therefor; that he failed to meet "important engagements previously made with parties; that he suffered great loss of time, and was greatly damaged in his business at home; that he incurred heavy expenses of travel, horse hire, board," etc; that he was subjected to great hardship of travel, and exposed to cold, wet, and disagreeable weather, resulting in impairment of health and great physical and mental suffering, and that he incurred great expense for medical attention, to his further actual dam age two thousand dollars; that the nondelivery of the message was caused by the gross and willful negligence of defendant's agents; that defendant has ratified the negligent acts of its agents, and has been guilty of negligence in the selection of its servants, whose gross and willful negligence led to the nondelivery of the message, wherefore he prays for one thousand dollars as exemplary damages.

The defendant filed a general demurrer to the petition.

We think the court erred in not sustaining the demurrer. As appellee requests us to finally dispose of the case, the judgment is reversed and the cause is dismissed.

*Reversed and dismissed.*

Delivered February 18, 1890.