## STAFFORD v. WESTERN UNION TEL. CO.

### (Circuit Court, S. D. California. March 23, 1896.)

#### No. 673.

1. TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE—DAMAGES.

Plaintiff, who was traveling with her sick mother, gave to a telegraph company, at a station on her route, a message, addressed to her brother, and reading as follows: "Mother sick. Meet us this evening at D." The telegraph company failed to deliver the message. *Held,* that damages caused to the sender by being compelled to search at night, in a strange place, for her brother's residence, with exposure producing illness, or caused, either to the sender or the addressee, by the death of their mother in consequence of such exposure, were not the proximate results of the failure of the telegraph company to deliver the message, and could not be recovered from it.

2. SAME—CALIFORNIA STATUTE.

A complaint, alleging a valid contract with a telegraph company for the transmission and delivery of a message, and a breach of such contract by the telegraph company, though alleging no substantial damages resulting proximately from such breach, entitles the plaintiff to nominal damages, and to the penalty imposed by section 2209 of the Civil Code of California, providing that "every person whose message is refused or postponed * * * is entitled to recover from the carrier his actual damages and $50 in addition thereto."

Sloane & Polk, for plaintiff.
R. B. Carpenter, for defendant.

WELLBORN, District Judge. This is an action for failure to deliver a message. The complaint contains three counts. The first alleges: That plaintiff delivered to the defendant, for transmission over its wires, the following telegram: "Barstow, Cal., 1/5, 1894. To Edward Kimball, Care Frank Kimball, Coronado: Mother sick. Meet us this evening at San Diego. [Signed] Sister." That plaintiff paid defendant its regular and usual charges, and in consideration thereof defendant undertook and promised to transmit and deliver said message, but failed and neglected to do so. That the addressee of said message, at the time the same should have been delivered, resided in said town of Coronado, and within one mile of defendant's office. That "plaintiff, at the time of sending said message, was on the train, with her sick mother, at the said town of Barstow, en route for said town of Coronado; and that she intended to leave the train at San Diego, being the station named in said telegram, and the railway station nearest to said town of Coronado. That she was expecting to arrive at San Diego in the night, and to there meet said Edward F. Kimball, who is her brother, and be by him conducted to his home in Coronado. That she was a stranger in said San Diego and Coronado, and did not know the place of residence of said Edward F. Kimball." "That the train on which plaintiff and her mother were riding reached San Diego on the said 5th day of January, 1894, at a late hour of the night; and that by reason of the failure of defendant to deliver said message as aforesaid there was no one at the train to meet them, and they were for that reason compelled to make search in the night for her said brother's res-

idence, and were in so doing long exposed to the cold and inclemency of the weather, and suffered great hardship, exposure, and anxiety, resulting in and causing to the plaintiff serious illness, for a long time confining her to her bed." "That by reason of the wrongful, negligent, and careless act of the defendant as aforesaid plaintiff was damaged in the sum of one thousand dollars in the manner aforesaid, no part of which has been paid." The second count is substantially the same as the first, except that the only injury therein specified as the result of the negligence charged against the defendant is the death of plaintiff's mother, and the only damages specially alleged are the damages resulting therefrom. The third count is the same as the second, except that it is based upon an assignment to plaintiff, by Edward F. Kimball, of his cause of action growing out of the death of his mother, with a further claim for special damages to the amount of $93.50, expended by him as the funeral expenses of his mother. The defendant has demurred generally to the whole complaint, on the ground that it does not state facts sufficient to constitute a cause of action, and also specially upon the grounds that it is unintelligible, uncertain, and ambiguous; and also specially to the first count for uncertainty, and to the second for ambiguity, and to the third nominally for ambiguity, but substantially on the ground that it does not state facts sufficient to constitute a cause of action; the language of this last objection being as follows: "It does not appear therefrom that the said Edward F. Kimball, the assignor of the said plaintiff, has suffered, or will suffer, any pecuniary loss * * * by reason of the death of the mother of said assignor and the plaintiff herein." The grounds of demurrer which I have denominated as "special" are omitted in defendant's brief, and I shall not notice them further than to say that, in my opinion, they are untenable. This leaves for consideration only the general demurrer to the whole complaint and to the third cause of action.

With reference to the demurrer to the whole complaint, it is to be observed that, if either count is good, the demurrer must be overruled. Stoddard v. Treadwell, 26 Cal. 294; Fleming v. Albeck, 67 Cal. 226, 7 Pac. 659. The damages claimed in the first count, because of the alleged facts that the plaintiff was compelled to make search, in the night, for her brother's residence, and was thereby exposed to cold and inclement weather, which resulted in her serious illness, and long confinement to her bed; and in the second and third counts, because of the death of plaintiff's mother, are, in my opinion, disallowable. These misfortunes and afflictions were not proximately caused by defendant's failure to deliver the message. Thomp. Elect. §§ 318, 319, 453; McAllen v. Telegraph Co., 70 Tex. 243, 7 S. W. 715; Telegraph Co. v. Smith (Tex. Sup.) 13 S. W. 169. The syllabus of this last case is as follows:

"Plaintiff delivered to a telegraph company for transmission a message as follows: 'R. [Addressed.] Meet me in C. Saturday night. S.,'—which was not delivered to R., and plaintiff brought an action against the company, alleging that by its negligence he was put to expense in hiring a conveyance to go from C. to R.'s home, and back again; that by loss of time he failed to meet im-

portant engagements; and that, by reason of exposure, his health was greatly impaired, to his damage a named sum. Held, that the petition was bad on demurrer, the damage being too remote, conjectural, and not in contemplation of the parties in case of a breach of the contract."

The only question remaining is whether or not the complaint states a cause of action for nominal damages, and the penalty provided in section 2209, Civ. Code Cal. This section is as follows:

"Sec. 2209. Every person whose message is refused or postponed, contrary to the provisions of this chapter, is entitled to recover from the carrier his actual damages, and fifty dollars in addition thereto."

To this section the commissioners have appended the following note:

"This new provision is needed to protect the rights of parties who are seriously annoyed by delays which, nevertheless, cannot be shown to have caused them pecuniary damage."

In the case at bar each count of the complaint alleges a valid contract between plaintiff and defendant, and its breach by the latter. These allegations, if proven, would, at least, entitle the plaintiff to nominal damages,—the amount paid for the transmission of the message,—if no more, and the statutory penalty of $50. Alexander v. Telegraph Co., 66 Miss. 161, 5 South. 397; Telegraph Co. v. Allen (Miss.) 6 South. 461.

The foregoing views render it unnecessary for me to pass upon the question, argued in defendant's brief, whether or not mental suffering is, in California, under any circumstances, a proper element of damages. Demurrer overruled.