Western Union Telegraph Company *v.* Bryant.

WESTERN UNION TELEGRAPH COMPANY *v.* BRYANT.

[No. 1,998.    Filed February 17, 1897.]

TELEGRAPH COMPANIES.—*When Damages May be Recovered for Negligence, Causing Mental Anguish Alone.*—A telegraph company may be held liable for special damages for failing to deliver a message, although the damages consist of mental anguish alone, where the language of the message gives direct notice to the company that the message concerns such event or events as that negligence on the part of the company is likely to be followed by mental distress. *p. 74.*

SAME.—*Form of Telegram.—Mental Anguish.*—The language of the telegram : " Can not come to-day. Will come to-morrow," did not advise the company that a failure to deliver it would be likely to cause mental distress. *p. 74.*

SAME.—*Failure to Deliver Telegram.—When Damages too Remote to Permit a Recovery.*—The physical discomforts of a woman occasioned by her walking and carrying heavy parcels a distance of four blocks as a result of the failure of a telegraph company to deliver the message : " Cannot come to-day. Will come to-morrow," are damages too remote to permit of a recovery. *p. 74.*

SAME.—*Action for Failure to Deliver Message.—Complaint.—Nominal Damages.*—A complaint alleging a failure of a telegraph company to deliver a message, for which pay was received in advance, to a person to whom it was addressed, is sufficient to withstand a demurrer, as it shows a right to nominal damages. *p. 76.*

From the Monroe Circuit Court.    *Reversed.*

*W. M. Louden* and *T. J. Louden,* for appellant.

*John R. East, Robt. G. Miller* and *James E. Steele,* for appellee.

COMSTOCK, C. J.—The appellee sought to recover damages against the appellant for failure to transmit and deliver a telegraph message to her husband. Trial by jury, and judgment for $105.00. The complaint was in two paragraphs. The first was for the statutory penalty. The second for special damages arising from the failure of the defendant to transmit and deliver the message. The appellant has assigned four errors, viz.: 1. Error of the court in overruling the demurrer to each paragraph of complaint; 2. Error in overruling appellant's motion for a new trial; 3. Error in overruling appellant's motion for judgment in its favor on the special verdict; 4. Error in sustaining motion of appellee for judgment on the special verdict.

The jury were instructed that under the first paragraph of the complaint they could not allow the plaintiff more than $100.00. As the verdict returned is for $105.00, it is evident that their finding was upon the second paragraph. We do not, therefore, deem it necessary to say more in reference to the first paragraph than that, so far as any defects are pointed out, it is sufficient. The third and fourth errors assigned are not discussed by appellant's counsel and are, therefore, under the rule, considered as waived.

The substance of the second paragraph is as follows: "That on the 4th of December, 1894, plaintiff placed in hands of defendant's agents at Indianapolis, Indiana, the following message: Indianapolis, Indiana, December 4, 1894. To John Bryant, Bloomington, Indiana. Cannot come to-day. Will come to-morrow. Nancy Bryant." That she paid the usual

charge for transmitting like messages; the defendant agreed to transmit the message promptly, but carelessly neglected, and willfully failed to deliver the same to John Bryant, who is her husband; that he lived within four blocks, and less than a mile of the defendant's office at said Bloomington, Indiana; that on the 4th of December she was visiting friends at Indianapolis, and had previously informed her husband that she would arrive home in the city of Bloomington on the 3:41 p. m. train, December 4, 1894, and her husband was to meet her; that it was impossible for her to return on said train; that she did return next day, December 5, as stated in the telegram; that on arriving at Bloomington her husband was not at the depot; that his failure to be there was caused by the nontransmission and nondelivery of the telegram by the defendant; that she was greatly annoyed and distressed in body and mind, and greatly embarrassed, that there was no one to meet her or to assist her to her home several blocks away; that she was obliged to carry a heavy valise and several bundles without assistance; that she endured great humiliation, physical exhaustion, and mental suffering, and vexation by reason of the bad faith and negligence of defendant; that she made a written demand on defendant for $100.00, etc.

Direct and proximate damages resulting from the negligence of telegraph companies may be recovered in any event. Indirect, collateral, or consequent damages, resulting from such negligence may also, under some circumstances, be recovered. The expression that the sender of a telegram is entitled to such damages as are the natural and proximate consequence of the company's negligence is frequently found in judicial opinions. "The cardinal rule," said Earl, C. J. (in a statement of the rule, which Thompson, in

quoting in his work on the law of electricity, section 312, says has never been surpassed), "undoubtedly is that the one party shall recover all the damages which have been occasioned by the breach of contract by the other party.  But this rule is modified in its application by two others.  The damages must flow directly and naturally from the breach of the contract, and they must be certain, both in their nature and in respect to the cause from which they proceed.  Under this latter rule, speculative, contingent and remote damages, which cannot be directly traced to the breach complained of, are excluded, * * * But the damages must be such as the parties may *fairly be supposed* to have contemplated when they made the contract."  *Leonard* v. *New York, etc., Telegraph Co.*, 41 N. Y. 544.

In *Baldwin* v. *U. S. Telegraph Co.*, 45 N. Y. 744, speaking for the court, Allen, J., says: "Whenever special or extraordinary damages, such as would not naturally or ordinarily follow a breach, have been awarded for nonperformance of contracts, whether for the sale or carriage of goods, or for the delivery of messages by telegraph, it has been for the reason that the contracts have been made with reference to peculiar circumstances known to both, and the particular loss has been in the contemplation of both, at the time of making the contract, as a contingency that might follow the nonperformance.  * * *  When a special purpose is intended by one party, but is not known to the other, such special purpose will not be taken into account in the assessment of damages for the breach."

Thompson, Electricity, section 313, says: "A negative brief statement of this rule is, that there can be no recovery for a loss arising from special circumstances not communicated to the company at the time when the despatch is delivered to it for transmission,

or before it has assumed the undertaking, or before the time has elapsed within which it has become impossible for it to perform it so as to avoid loss."

There is a conflict in the decisions of the courts of the different states as to whether damages may be recovered for mental distress alone, when not connected with physical injury or pecuniary loss. It is the law in this State, however, that damages may be recovered for negligence causing mental distress alone. *Reese* v. *West. U. Tel. Co.* 123 Ind. 294, 7 L. R. A. 583; *West. U. Tel. Co.* v. *Stratemeier,* 6 Ind. App. 125; *West. U. Tel. Co.* v. *Newhouse,* 6 Ind. App. 422.

The courts which hold that damages for mental suffering alone may be recovered, base the recovery upon the fact that the language of the message gives direct notice to the telegraph company that the message concerns such event or events as that negligence on the part of the company is likely to be followed by mental distress. The telegraph company then has the measure of responsibility, and is held liable for special damages for negligence. Croswell, Electricity, section 649.

The language of the message of appellee, "Cannot come to-day, will come to-morrow," did not advise the company that a failure to deliver it would be likely to cause mental distress. It does not even request any one to meet her at the station. It does not suggest that humiliation or mental distress would reasonably result from the failure of the person to whom it was addressed to be present upon her arrival at the place of destination. The physical discomforts of which plaintiff complains, occasioned by her walking and carrying heavy parcels from the railroad station to her home, a distance of four blocks, are damages too remote to permit a recovery. Upon this branch of the case we cite *Stafford* v. *W. U. Tel. Co.,* 73 Fed. 273;

*McAllen* v. *West. U. Tel. Co.*, 70 Tex. 243, 7 S. W. 715; *West. U. Tel. Co.* v. *Smith*, 76 Tex. 253, 13 S. W. 169.

In *Stafford* v. *W. U. Tel. Co.*, *supra*, plaintiff, who was traveling with her sick mother, gave to a telegraph company at a station on her route, a message addressed to her brother as follows: "Mother sick. Meet us this evening at D." The company failed to deliver the message. The court held that damages caused to the sender by being compelled to search at night in a strange place for her brother's residence, with exposure producing illness, or caused either to the sender or addressee by the death of their mother in consequence of such exposure or danger, were not the proximate results of the failure of the telegraph company to deliver the message, and could not be recovered.

*McAllen* v. *W. U. Tel. Co.*, *supra*, was an action against the telegraph company for failure to transmit a message. It appeared that the plaintiff was informed by defendant's agent that there was a telegraph office at the station to which he wished to send a message, and that the agent became aware that such office had been closed for some time soon after he sent the message, but concealed this knowledge from plaintiff. Plaintiff did not make known to the agent that the message, which in form was an ordinary telegram, was of great importance to him. The court held that plaintiff's mental sufferings and apprehension upon not being met at the station by the family carriage, which he had ordered by telegraph upon hearing of his father's illness, could not enter as an element of damages in an action against the telegraph company for failure to transmit the message. Damages for bruises alleged to have been received in consequence of plaintiff's being obliged to take a rough

vehicle instead of the family carriage to a certain point, are too remote to base a claim against a tele-graph company for failure to transmit a message ordering the family carriage to meet him at the station.

In *Telegraph Co.* v. *Smith, supra,* plaintiff sued for failure to deliver a telegraphic message as follows: "R [addressed]. Meet me in C, Saturday night. [Signed]," alleging that by its negligence he was put to expense in hiring a conveyance to go from C to R's home and back again; that by loss of time he failed to meet important engagements, and that by reason of exposure his health was greatly impaired, to his damage in the sum named. The court held that the petition was bad on demurrer, the damage being too remote, conjectural, and not in contemplation of the parties in case of a breach of the contract.

Giving these authorities due weight, still, the second paragraph of the complaint alleges a valid contract between the plaintiff and defendant, and its breach by the latter; and these allegations, if proven, would entitle the plaintiff to nominal damages, the amount paid for transmission of the message. The demurrer was, therefore, properly overruled.

In appellant's motion for a new trial, the eighth reason is, that the amount of damages assessed is too large. The ninth reason is, that the damages assessed are excessive. As the plaintiff is, in the view the court takes of the law, entitled to only nominal damages, the case must be reversed.

Other alleged errors are discussed, but as they may not occur upon another trial we do not deem it necessary to pass upon them.

Reversed, with instructions to the court below to sustain appellant's motion for a new trial.