BOWERS v. TELEGRAPH CO.

(Filed May 24, 1904).

TELEGRAPHS—*Mental Anguish.*

> A person cannot recover damages for mental anguish by reason of a telegraph company delaying the delivery of a message relating to business, though mental anguish was suffered by the sender occasioned by the misapprehension as to the meaning of the message.

ACTION by DeWitt Bowers against the Western Union Telegraph Company, heard by *Judge C. M. Cooke* and a jury, at January Term, 1904, of the Superior Court of DURHAM County. From a judgment for the plaintiff the defendant appealed.

*J. C. Biggs* and *Boone & Reade,* for the plaintiff.
*F. H. Busbee & Son,* for the defendant.

CLARK, C. J. The plaintiff's mother, Lucy Bowers, sent him the following message: "Come at once. Lucy Bowers." This was given to the telegraph operator at Apex, N. C., soon after 8 A. M., and was delayed in transmission so that it was not delivered to the plaintiff at Durham, N. C., till 11.50 A. M., and after the east-bound train had passed Durham at 9.40 A. M. by which he might have gone to his mother. He left on the afternoon train, but that train not making connection at Cary the plaintiff got off at Morrisville and walked nine miles to his mother's. His mother had been unwell but was not sick enough to have a doctor, and this message was sent not because of illness but because she wished to see her son on business.

The defendant was derelict in taking nearly four hours to transmit a message from Apex to Durham, and, nothing else appearing, the sender might recover back, if she de-

manded and was refused, the twenty-five cents which was paid by her to secure its prompt transmission, for which purpose telegraph companies are granted charters to serve the public convenience. *Kennon v. Telegraph Co.*, 126 N. C., 232. But we see no ground to authorize a recovery by the plaintiff for mental anguish. His mother was not dead nor at the point of death. He knew that, because her name was signed to the dispatch. It was his own misapprehension which caused him any uneasiness, and not the negligence and delay of the defendant. He was not deprived by such delay of the opportunity of seeing his mother, who indeed is still alive. Mental anguish is as real as physical, and recovery in proper cases is allowed of just compensation when anguish, whether physical or mental, is caused by the negligence, default or wrongful act of another. The difficulty of measuring compensation does not bar a recovery for physical anguish nor when the anguish is mental. But if the plaintiff suffered any mental anguish in this case it was not caused by the negligence of the defendant. In refusing to so instruct the jury at the request of the defendant there was error.

The learned counsel for the defendant informs us that more actions for mental anguish are brought in this State than in any other except Texas. This is not in the record, but, if correct, the courts have cause to complain of the additional burden; but counsel certainly do not lose anything thereby and are in nowise to be held responsible for it. The defendant is responsible for any loss in such litigation, for it can effectually prevent recovery in any action by the discharge of its duty in the prompt delivery of telegrams, especially of those whose tenor indicates that either mental anguish or pecuniary loss will be the probable result of a delay in transmission or delivery.

MONTGOMERY, WALKER and CONNOR, JJ., concur in result.