WESTERN UNION TELEGRAPH COMPANY *v.* SHENEP.

Opinion delivered July 15, 1907.

TELEGRAPH COMPANIES—DAMAGES FOR MENTAL ANGUISH.—The statute authorizing the recovery of damages for mental suffering for negligence in receiving, transmitting or delivering messages (Kirby's Digest, § 7947) does not contemplate a recovery for mental anguish over imaginary situations, for worry and anxiety over business matters, or for inconvenience and annoyance over the ordinary affairs of life, but contemplates suffering in mind over the real ills, sorrows and griefs of life and such suffering as would reasonably flow from the failure to deliver the message.

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

STATEMENT BY THE COURT.

Shenep, a policeman in Helena, sent this telegram to his daughter-in-law, Mrs. Mattie Shenep, at Bigbee, Miss.: "I will

be there tonight.   Be ready to come back on next train.   James Shenep." He paid for the transmission of the telegram to Amory, and also for transmission from Amory to Bigbee, which was to be by telephone.   The appellant negligently failed to deliver the message until ten o'clock the following day. Shenep arrived at Bigbee in the night time, and, failing to find his daughter, became alarmed, and alleged that he suffered mental anguish as well as bodily inconvenience, and was forced to spend the night without food or shelter, on an unprotected platform, and that it was cold and rainy.   Bigbee was but a short distance, probably a half a mile, from the station.   Shenep had been there once before, but was not familiar with the surroundings.   His daughter-in-law was the mother of an infant five weeks old, and Mr. Shenep was uneasy and anxious and disturbed because of her non-appearance pursuant to the request in his telegram.

Her testimony was not taken, but as she returned with her father-in-law the next day—one day late—it may be assumed that she would have met him pursuant to his telegram had she received it.

Mr. Shenep told the operator that it was important that the message be sent without delay; that he had only one day's leave of absence, and at the point he was to meet his daughter-in-law there was about an hour and a half between trains; and that the message would have to be sent promptly so that he could return on the next train.

In addition to the mental and physical annoyance to which he was subjected, he was permitted to testify that he was also worried because he thought that he might probably be discharged from his position for overstaying his leave of absence, which was for only one day.   He admitted that there was no deduction made in his wages by reason of his absence.   There is no evidence that he suffered any pecuniary loss.

Among other instructions, the court gave this, which presents the issue which was sent to the jury:

"So the plaintiff is required to prove by a fair preponderance of the evidence that he placed in the hands of the operator, at the city of Helena, Arkansas, a telegram to be delivered at a point in Mississippi, and that, through the negligence of its

officers, the telegram was not promptly delivered, and by reason of that he suffered damages. The damages will be subject to proof, so far as compensatory damages are concerned, but under the laws of this State he will be entitled to recover further damages for mental anguish, and for pain and suffering occasioned by the non-delivery of the telegram, if any be suffered."

The jury returned a verdict for $175 against the telegraph company, and it has appealed.

*G. H. Fearons* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. Not only is the verdict, under the proof in this case, clearly excessive, but the court should have directed a verdict for nominal damages only. 12 S. W. 534.

2. Anxiety concerning some imaginary misfortune to a daughter-in-law, and the possible loss of a position because of overstaying a leave of absence, does not constitute mental anguish within the meaning of the statute and the decisions of the courts. 50 S. E. 538; 47 S. E. 597; 41 *Id.* 881; 85 S. W. 1171; 12 *Id.* 534; 30 *Id.* 1105; *Id.* 1107; 42 S. W. 549; 44 *Id.* 538; 56 *Id.* 568; *Id.* 744; *Id.* 1127; 67 *Id.* 515; 84 *Id.* 296; 38 *Id.* 635; 71 *Id.* 584.

Having no notice of the conditions at Bigbee, nor that plaintiff would worry if his daughter-in-law was not at the depot, the parties to the contract will not be presumed to have had these matters in contemplation as elements of damage for a breach of the contract. 73 Fed. 273; 23 So. 587; 76 Tex. 13; Thompson on Elec. 318, 324; 53 Ark. 434; 28 Ark. 545.

3. To tell the jury that plaintiff could recover compensatory damages so far as the proof showed he had been damaged and *further* damages under the laws of the State for mental anguish was a clear direction that he could recover punitive damages. The closing part of the charge did not cure the error. 75 C. C. A. 416.

*J. M. Vineyard* and *John I. Moore,* for appellee.

1. The record discloses no objection to any part of the court's charge to the jury. 75 Ark. 534.

2. Appellant was fully advised that it was an important message and of the necessity for its prompt delivery, of appellee's

having leave of absence for one day only, and that his daughter-in-law could not safely make the trip alone with her infant. The action is based on the statute, Kirby's Digest, § 7947. When through negligence a telegraph company fails to transmit and deliver a message promptly and accurately, it should be held to answer for all injury resulting, whether to feelings or purse, if the injury be the natural and direct consequence of the negligent act. 28 L. R. A. 78; 57 *Id.* 607; 64 *Id.* 545.

HILL, C. J., (after stating the facts.) The Supreme Court of South Carolina, in the case of *Lewis* v. *Western Union Tel. Co.,* 35 S. E. 556, took the same position in regard to mental pain and anguish that this court took in *Peay* v. *Western Union Tel. Co.,* 64 Ark. 538. Thereafter, the Legislature of South Carolina (as did the Legislature of Arkansas) passed a statute making mental anguish a recoverable element. The South Carolina statute is practically the same as the Arkansas statute.

In *Capers* v. *Western Union Tel. Co.,* 50 S. E. 537, the South Carolina court said: "When the statute was passed, wherever in text book or judicial utterance 'mental anguish' was recognized as a ground of action against a telegraph company, the term was limited to apply to social and personal matters, and not extended to business affairs. This was the scope and limitation of the legal meaning of the term, and there is the strongest presumption that the General Assembly intended the term to have the same meaning and limitation in this State."

This court recently held that while it was not bound to adopt the mental anguish doctrine that prevailed in any one State, nor accept inconsistencies in the judicial construction of that doctrine, yet it must turn to the courts of the States where that doctrine has prevailed by judicial construction in order to determine the full force and effect of the statute establishing that doctrine in this State. *Western Union Tel. Co.* v. *Hollingsworth, ante,* p. 39.

A few cases from the States where the mental anguish element of damages prevails will illustrate its inapplicability to the facts here.

In North Carolina a message from mother to son directing him to "come at once" was delayed in transmission, so that the son missed the first train that would have carried him to his

mother, and he walked nine miles, and was very uneasy and worried about her condition. The court said: "His mother was not dead, nor at the point of death. He knew that because her name was signed to the dispatch. It was his own misapprehension which caused him any uneasiness, and not the negligence and delay of the defendant. He was not deprived by such delay of the opportunity of seeing his mother, who, indeed, is still alive. * * * But, if the plaintiff suffered any mental anguish in this case, it was not caused by the negligence of the defendant." *Bowers* v. *Western Union Tel. Co.,* 47 S. E. 597, 135 N. C. 504.

The Texas court held, where there was a negligent failure to deliver a message correctly, whereby a student lost a position for which he was negotiating, that a failure of the student to receive benefit from his studies because of worry over the loss of the position was too remote to properly form an element of recovery. *Western Union Tel. Co.* v. *Partlow,* 71 S. W. 584.

In *Western Union Tel. Co.* v. *Reed,* 84 S. W. 296, the plaintiff was worried and nervous because she did not know whether the funeral of her sister was postponed, owing to negligent failure to deliver a telegram. She was not deprived of the privilege of attending the funeral, in fact did attend it; but the anxiety she experienced was from uncertainty as to whether she could attend it. This annoyance and worry was held not to be mental anguish within the meaning of that term.

A mother sued a telegraph company for negligently failing to transmit money to her son, an inexperienced youth in a distant State, and alleged mental anguish over the son's embarrassing situation there without money. The court said: "The fact that a loving mother, in the dark hours of midnight, may conjure up a thousand forebodings of evil to her distant boy, while he is in no real danger even of losing a single hour's repose, may furnish trouble enough to her; yet it gives no solid basis for damages in a practical business transaction." *Ricketts* v. *Western Union Tel. Co.,* 30 S. W. 1105.

The inexperienced son who did not receive the money his mother sent suffered mortification and distress of mind owing to his inability to pay his board in a strange place, causing him, as he thought, to be looked on with suspicion. The court held

there could be no recovery for his wounded sensibility. *De Voegler* v. *Western Union Tel. Co.,* 30 S. W. 1107.

Mental suffering over supposititious or imaginary conditions is not a recoverable element. *Western Union Tel. Co.* v. *Hollingsworth, ante,* p. 39; Jones on Tel. Companies, § 579; 3 Sutherland on Damages, 975.

Illustrations could be multiplied, but these are sufficient to show that anguish over imaginary situations, worry and anxiety over business matters, inconvenience and annoyance over the ordinary affairs of life, do not amount to mental anguish as a recoverable element of damage. Such element is limited to social and personal matters, as contradistinguished from business transactions, and contemplates suffering in mind over the real ills, sorrows and griefs of life, and such suffering as would reasonably be contemplated to flow from the failure to acquaint the person with the tidings sought to be conveyed.

The application of these principles here shows that it was error to submit mental pain and suffering as a recoverable element.

The plaintiff would be entitled to recover nominal damages in any event, and such actual damages as he might show directly flowed from the failure to promptly deliver the message, and as to what damages would be proximately resultant from such failure the following cases may be profitably consulted: *Western Union Tel. Co.* v. *Smith,* 13 S. W. 169; *Yazoo, etc., Ry. Co.* v. *Foster,* 23 So. 581; *Stafford* v. *Western Union Tel. Co.,* 73 Fed. 273.

Reversed and remanded.