Western Union Telegraph Company v. F. W. Arend.

Decided November 4, 1910.

**Telegraph Company—Failure to Deliver Message—Special Damages.**

A husband sued a telegraph company for mental and physical suffering caused his wife by the failure of the defendant to deliver a message from her to him notifying him that she would arrive at her home on a certain day by a certain train, and requesting him to meet her; the evidence failed to show that the wife would have suffered any inconvenience or pain but for the fact that she had fever at the time of her arrival at her destination and had been suffering in the same way for some time past; the telegraph company had no notice of these conditions at the time it received the message for transmission, nor that any special damages were likely to result from a failure to deliver the message. Held, the plaintiff was not entitled to recover for the alleged mental and physical suffering of his wife.

Appeal from the District Court of Galveston County. Tried below before the Hon. Clay S. Briggs.

*Hume, Robinson & Hume* (*Geo. H. Fearons* of counsel), for appellant.

*Marsene Johnson,* for appellee.—The damages alleged and proved were not remote, and were in contemplation of the parties making the contract: Western U. Tel. Co. v. Taylor, 81 S. W., 69; Western U. Tel. Co. v. Karr, 24 S. W., 302; Western U. Tel. Co. v. Proctor, 25 S. W., 811; Green v. Western Union, 1 Am. & Eng. Annotated Cases, page 349, and authorities therein cited.

REESE, ASSOCIATE JUSTICE.—In this case F. W. Arend sues the Western Union Telegraph Company in the District Court to recover damages laid at $1500, and on trial with a jury recovered a verdict for $625, upon which judgment was rendered. Its motion for a new trial having been overruled, the defendant prosecutes this appeal.

It was alleged in the petition that appellee's wife, whose home is in Galveston, being at Temple on January 25, 1908, sent appellee at Galveston the following telegram: "Will come down on morning train, Katy. Meet me."; prepaying the charges of twenty-five cents; the appellant negligently failed to deliver the message, and that in consequence thereof, when appellee's said wife arrived in Galveston at one o'clock, p. m., she found no one to meet her; that she suffered mental pain and distress in consequence of not finding appellee at the train to meet her; and, further, that she was sick, had no money with which to hire a carriage to carry her to her home, and was compelled to walk to a street car, one block, and from the street car to her home several blocks; that when she arrived at home appellee was not there, and she had no one to administer to her wants; that she had at once to go to bed on her arrival at home, was sick and almost unconscious, and unable to secure the services of a physician until appellee arrived at home about 8 o'clock p. m. It was further alleged that if appellee had received the message he could and would have met his wife at the train and conveyed her to her home speedily and in comfort and procured medicine, a physician, and ministered to her wants. In consequence of all of which appellee's said wife suffered great mental and physical pain and anguish, for which, and for the cost of the message, he claims damages.

Appellant pleaded general demurrer, except to the claim for cost of the message, and excepted to the claim for damages for mental and physical pain. The demurrer and exceptions were overruled.

There is very little conflict in the evidence, most of which is furnished by Mrs. Arend. The facts are as follows:

Mrs. Arend resides with her husband and children in Galveston. She had been sick with grippe, which left her with fevers, on account of which she went to Temple to consult a physician. This physician was himself in the hospital, and after remaining about a week in Temple Mrs. Arend, who had with her her three children aged ten, eleven and thirteen years, respectively, decided to return to Galveston. On the 25th

of January she delivered to. appellant's agent at Temple the telegram referred to in the petition, addressed to her husband at Galveston, giving the street and number of his residence and prepaying the message, twenty-five cents. This message was not delivered, and the negligence of appellant in this regard is conclusively shown, and is not disputed on this appeal.

Mrs. Arend left Temple on the night of the 25th and arrived in Galveston about 1 o'clock p. m. If the train had been on time she would have arrived at 9 o'clock a. m. When she arrived at Galveston she was sick and suffering. Not meeting her husband and not having money enough to hire a carriage, she had to walk one block to a street car, which passed within about one-half a block of her door, and she had to walk this distance to her home after leaving the car. No one was there when she arrived. Her husband, not expecting her, was away from home and did not return until 8 o'clock p. m., and she had no one to administer to her wants except her little boy ten years old. She sent him to a drug store for medicine, but it was closed. She testified that she had a severe fever when she got to Galveston and her sickness was greatly aggravated by reason of her inability to procure a physician, nurses or medicine, but it does not appear that she made any effort to procure either except sending the little boy to the drug store for medicine as stated. When she got home she went to bed immediately. When her husband came he asked her if she wanted him to get a doctor but she said no, she would wait until morning, and would then get one, if she wanted one. The next morning before 8 o'clock she went down to the telegraph office and made complaint about the failure to deliver the message.

It thus appears that all of the damage suffered by Mrs. Arend caused by her suffering, mental or physical, was brought about by her being sick. She had a severe fever when she arrived, and in fact had been suffering with daily fevers since her recovery from the attack of grippe, and this was the occasion of her trip to Temple.

Plaintiff alleges that she suffered much mental distress by reason of the failure of her husband to meet her at the station, but if this be considered as meaning that such mental suffering was independent of her physical condition of sickness—and as against a general demurrer it must be so considered—there was no evidence tending to support the allegation. It is not pretended that appellant had any notice of the extraordinary circumstances of Mrs. Arend's sickness out of which grew all of her mental and physical suffering, according to her own testimony. No such consequences could have been reasonably anticipated by appellant as likely to ensue from the failure of appellee to receive the message and meet his wife at the train. There was nothing in the mere sending of such message that called upon appellant's agent at Temple to suspect that there existed any special circumstances out of the ordinary on account of which such damages as are shown might probably result from failure to deliver, and hence no duty of inquiry arose. Mrs. Arend was

coming to Galveston where she expected to arrive, and did arrive, in the day time, and desired her husband to meet her. That was all. It could not have been reasonably anticipated that any of· the damage proven would result to her if her husband failed to meet her. (27 Am. & Eng. Ency. Law, 1061; Western U. Tel. Co. v. Smith, 76 Texas, 253; Western U. Tel. Co. v. Norton, 62 S. W., 1081; Western U. Tel. Co. v. Ragland, 61 S. W., 421; Western U. Tel. Co. v. Taylor, 81 S. W., 69.)

The damages shown are not recoverable, except the amount paid for the message, which is all that should have been allowed.

It is not necessary to discuss the assignments of error in detail. The judgment will be reformed so as to allow appellee to recover the twenty-five cents paid for the message with costs of the trial court, and as to all other damages the judgment is reversed and here rendered for appellant.

*Reformed in part, reversed and rendered in part.*