HELEN S. POWELL and J. K. POWELL v. WESTERN UNION
TELEGRAPH CO.

(Filed 10 March, 1926.)

**Telegrams—Negligence—Mental Anguish—Damages—Notice.**

Damages for mental anguish alone is not recoverable for the negligence of a telegraph company in failing to promptly deliver a telegram from a husband to his wife, informing her of his delay in reaching home, when

the message itself, did not from its wording give any information to the company that mental anguish would be caused by the delay in delivery, and there was nothing said to the agents of the company that would put them upon notice thereof.

CIVIL ACTION, tried before *Barnhill, J.,* Fall Term, 1925, of DUPLIN.

This action was brought by the plaintiff, Helen S. Powell, for mental anguish and suffering resulting from the failure of the defendant to transmit and deliver the following telegram, to wit: "Warsaw, N. C., 11 July, 1925. 6 o'clock p. m. Helen S. Powell, Pomander Walks No. 8, Wrightsville Beach, N. C. Going by Whiteville. Will see you in the morning. Junius." The telegram was sent by Junius K. Powell, husband of the plaintiff, and was not delivered to the plaintiff until 13 July, 1925, at 10:05 a. m. By reason of failure to deliver the telegram the plaintiff alleged that she "was very much disturbed and distressed in mind during the entire night of 11 July, 1925, and up until 12:30 o'clock on 12 July, when her husband, Junius K. Powell, arrived at the summer cottage; that she was unable to sleep and did not go to bed during the entire night of 11 July, 1925, but sat up the entire night and watched each and every car as it arrived, expecting her husband to arrive, and could think of nothing other but that he had been painfully or seriously injured in an automobile accident, and for more than fifteen hours plaintiff was very much distressed and disturbed in mind and suffered great pain and mental anguish and distress to her great damage in the sum of $2,750."

The only notice given the defendant at the time the telegram was sent is contained in the allegation "that at the time the telegram was sent the sender, Junius K. Powell, delivered the telegram 'with the request at the time that it be sent immediately in order that his wife might receive the same.'"

The action was for mental anguish alone. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action for mental anguish suffered by the addressee of the telegram, there being no allegation as to any damage suffered by the husband, Junius K. Powell. The demurrer was overruled and the defendant appealed.

*Gavin & Boney for plaintiffs.*
*John D. Bellamy & Sons for defendants.*

BROGDEN, J. Does the complaint state a cause of action for mental anguish? If so, the demurrer was properly overruled. If not, it should have been sustained.

At the threshold of the inquiry it is necessary to determine the essential elements constituting a cause of action for mental anguish. An

analysis of pertinent decisions upon the subject will disclose that the essential elements are: (1) Negligent failure to transmit and deliver the message. (2) Notice to defendant company that mental anguish will follow as a reasonable and natural result of such negligent failure to perform the duty imposed by accepting the message. Notice of the importance of a message or of the reasonable probability that mental suffering will ensue by reason of failure to deliver within a reasonable time may result from: (1) The character and contents of the message itself. (2) Facts within the knowledge of the company at the time the message is delivered. (3) Extraneous knowledge or information given the company at the time of delivering the message. In *Kennon v. Telegraph Co.,* 126 N. C., 232, the Court held that it was error to refuse the following instruction to the jury: "As there was nothing in the message to indicate the importance of prompt delivery, nor was the attention of the company in anyway called to such matters, the plaintiff cannot recover any damages for mental suffering, and you will not take that into consideration in making up your verdict." The principle is further stated in *Ellison v. Tel. Co.,* 163 N. C., p. 11, by *Walker, J.*: "We stated the rule to be that there can be no recovery of damages for mental suffering in such cases, unless it is shown that the defendant could reasonably have foreseen from the face of the message that such damage would result from a breach of its contract or duty to transmit correctly, or that it had extraneous information which should have caused it to anticipate just such a consequence from a neglect of its duty towards the plaintiff." *Suttle v. Tel. Co.,* 148 N. C., 483; *Harrison v. Tel. Co.,* 143 N. C., 149; *Bowers v. Tel. Co.,* 135 N. C., 504; *Williams v. Tel. Co.,* 136 N. C., 82; *Dayvis v. Tel. Co.,* 139 N. C., 79.

The plaintiff relies upon the *Dayvis case,* and it is conceded that the *Dayvis case* is very similar to the present case so far as the nature of the message is concerned. The negligent failure to transmit the telegram promptly was clear in the *Dayvis case,* and also in the present case. However, in the *Dayvis case* the notice required by law, although not appearing on the face of the message, was communicated and impressed upon the defendant company by the sender of the message. It appeared that Mrs. Dayvis went to the telegraph office, gave the message to the operator, told him that she had been thrown over in Weldon, had two children with her, they were sick, her husband was to meet her, and would be worried unless he got the message. She went to the office a second time to inquire about the message and to know if it had been sent and received the information that "it got off all right." This notice was full, explicit and ample. In the present case the only notice given the company was "the request at the time that it be sent immediately in order that his wife might receive the same."

As the message did not bear upon its face any indication of its importance, and as there was no extraneous notice or information indicating its importance, and as there is no allegation of damages except for mental anguish alone, the conclusion is imperative that in obedience to the settled rules of law the demurrer should have been sustained.

Reversed.