Davis v. Western Union Telegraph Co.

CASE 85—ACTION FOR DAMAGES FOR NEGLIGENCE IN THE DELIVERY OF A TELEGRAM—JAN. 13.

## Davis v. Western Union Telegraph Co.

APPEAL FROM CALDWELL CIRCUIT COURT.

1. CONTRACTS—PUBLIC POLICY—STIPULATION AS TO FILING CLAIM WITHIN SIXTY DAYS.—A stipulation in a contract made between a telegraph company and the sender of a message that the former will not be liable for damages in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission, is against public policy and void.

2. TELEGRAPH COMPANIES—NOTICE OF THE IMPORTANCE OF A TELEGRAM.—In a suit against a telegraph company by a person to whom a telegram is addressed, for the failure to deliver it promptly, the company is charged with notice of the necessity of prompt delivery where the message announces a death and gives information as to when the funeral will be. And a petition setting out such a message and the failure to deliver it promptly, is sufficiently explicit.

S. HODGE FOR APPELLANT.

1. On the validity of the contract:  Smith v. W. U. Tel. Co., 83 Ky., 104;  W. U. Tel. Co. v. Fountain, 58 Ga., 433;  Wolf v. Weston,

Davis v. Western Union Telegraph Co.

62 Pa. St., 83; Sweetland v. Illinois, 27 Iowa, 432; Breese v.
U. S., 48 N. Y., 132; U. S. T. Co. v. Gildersleeve, 29 Md., 232;
West Union v. Buchanan, 35 Ind., 429; Hubbard v. W. U. Tel.
Co., 33 Wis., 558; Teleg. Co. v. Griswold, 37 Ohio, 301; Tyler v.
W. U. Tel. Co., 60 Ill., 421; Ellis v. Amer. T. Co., 13 Allen, 234;
25 Am. & Eng. Ency. of Law, 748, 779, 786; Sou. Exp. Co. v.
Caldwell, 21 Wall., 269; 2 Am. & Eng. Ency. of Law, 822, 823;
Dorr v. New Jersey Nav. Co., 11 N. Y., 485; Adams Exp. Co. v.
Nock, 2 Duv., 562; Adams Exp. Co. v. Guthrie, 9 Bush, 78;
Louisville, &c., R. R. Co. v. Hedger, 9 Bush, 645; Rhodes v.
Louisville, &c., R. Co., 9 Bush, 688.

2. Contract no binding effect upon receiver of a message. W. U.
T. Co. v. McKibbon, 114 Ind., 511; 21 Am. & Eng. Corp. Cas., 137.

RICHARDS, WEISSINGER & BASKIN, WM. MARBLE, GEO. H.
FEARONS & WM. LINDSAY for appellee.
(Brief not in the record.)

(This case was argued orally by A. E. RICHARDS and WM.
LINDSAY for the appellant.)

CHIEF JUSTICE HAZELRIGG delivered the opinion of the court.

In the answer to the suit of appellant for damages grow-
ing out of its alleged negligence in delivering a telegram,
the appellee company, among other defenses, presenting
issues of fact, relied on a stipulation printed on the back
of the message, and signed by the sender, to the follow-
ing effect:

"The company will not be liable for damages or
statutory penalties in any case where the claim is not
presented in writing within sixty days after the message
is filed with the company for transmission."

On demurrer, the lower court seems to have held this
provision a bar to recovery by the plaintiff, the sendee
of the message, and this petition was therefore dismissed.

That such a provision, as respects telegrams, is con-
trary to public policy, and will not be upheld, seems to
be indicated in Smith v. W. U. Telegraph Co., 83 Ky., 104,
[4 Am. St. R., 126], and the rule is authoritatively so an-
nounced by this court in Telegraph Co. v. Eubank, 18 Ky.

L. R., 995, [38 S. W., 1068]. It was error to hold that the stipulation presented a valid defense.

It is contended, however, that the demurrer to this paragraph of the answer reaches back to the petition, and that pleading states no cause of action, because the language of the message in dispute did not give the company notice of the relationship between the parties named in the message.

But this suit is by the sendee or addressee of the message, who is presumed to have a serious interest in its prompt delivery. The terms of the message also clearly so indicate. Telegraph Co. v. Carter, 85 Tex., 580, [34 Am. St. R., 826; 22 S. W., 961]; W. U. Telegraph Co. v. Luck (Tex. Sup.), [41 S. W., 469].

The message under consideration was as follows:

"To John Davis, Princeton, Ky.: Brother Mose died yesterday, 7:30 p. m. Funeral to-morrow afternoon. [Signed] I. Phar."

Whether true or not, the presumption is that Davis was a near relative of the dead man, and the object in sending him the message was that he might attend the obsequies of his relative.

In Telegraph Co. v. Adams, 75 Tex., 531, [16 Am. St. R., 920; 12 S. W., 857; 6 L. R. A., 844], it was said:

"When such communications relate to sickness and death, there accompanies them a common-sense suggestion that they are of importance, and that the persons addressed have in them a serious interest."

The petition is sufficiently explicit, and states a good cause of action.

For the reasons given, the judgment is reversed for further proceedings consistent herewith.