Case 30.—ACTION BY JOB A. REID AGAINST THE WESTERN
UNION TELEGRAPH CO. FOR NEGLIGENCE IN FAILING
TO DELIVER A TELEGRAM.—March 25.

## Western Union Telegraph Co. v. Reid.

120     231,
138     503

Appeal from Calloway Circuit Court.

THOS. P. COOK, Circuit Judge.

Judgment for plaintiff.  Defendant appeals.  Reversed.

Negligence—Failure to Send Telegram—Damage—Who Entitled to
—Where a telegram is sent for a sick person summoning
medical aid for him, the meritorious cause of action is in
the sick person for the negligence in the sending.  He may re-
cover for his pain and suffering endured by reason of the
negligence in sending the message, but no recovery can be
had by his father or other relative by reason of such suffering.

RICHARD & DONALD for appellant.

GEO. H. FEARONS of counsel.

1. Damages for mental anguish occasioned by reason of witness-
ing the pain and suffering of another are too remote to be re-
covered.

Chapman v. W. U. Tel. Co., 90 Ky., 265, is in conflict with the
recent decisions of this court, and so much thereof as allows
a recovery for mental anguish, unaccompanied by physicial injury,
should be overruled.

### AUTHORITIES CITED.

Chapman v. Western Union Tel. Co., 90 Ky., 265; W. U. Tel. Co.
v. Van Cleave, 54 S. W., 827; Robinson v. W. U. Tel. Co., 68 S. W.,
656; Cashim v. W. U. Tel. Co., 124 N. C., 459; Telegraph Co. v.
Cooper, 71 Tex., 507; W. U. Tel. Co. v. Lovett, 58 S W., 204; W.
U. Tel. Co. v. Proctor, 25 S. W., 811; W. U. Tel. Co. v. Burchfield,
36 S. W., 636; Telegraph Co. v. Rowell, 75 Tex., 26; Johnson v.
Telegraph Co., 38 S. W., 64; W. U. Tel., Co. v. Stratemeir, 32 N.
E., 871; Howard v. Adams, 16 Mich., 130; Black v. Railway Co.,
10 La. Ann., 33; W. U. Tel. Co. v. Matthews, 67 S. W., 849; Reed v.
Malley, 25 Ky. Law Rep., 209; L. & N. v. Hull, 68 S. W., 433;
Hockenhammer v. Lex. & Eastern Ry. Co., 74 S. W., 222; Wads-

Western Telegraph Co. v. Reid.

worth v. W. U. Tel. Co., 86 Tenn., 65, and cases collected in body of brief.

2. The text-book writers, the English decisions and the decisions of the Federal courts in this country are all against such a recovery; also are the decisions of most of the State courts. To quote from them would extend this brief to an unwarranted length We submit a list below:

## FEDERAL DECISIONS.

Supreme Court, Kennon v. Gilmer, 131 U. S., 622; Arkansas, Crawson v. W. U. Tel. Co., 47 Fed. Rep., 544; Georgia, Chase v. W. U. Tel. Co., 44 Fed. Rep., 554; Kansas, Cobb v. W. U. Tel. Co., U. S. Dist. Court, Kansas, 1883; Minnesota, Gahan v. W. U. Tel. Co., 59 Fed. Rep., 433; Oklahoma, Rulmer v. W. U. Tel. Co., 37 Pac. Rep., 1087; Ohio, Kester v. W. U. Tel. Co., 55 Fed. Rep., 603; Texas, Wood v. W. U. Tel. Co., 57 Fed. Rep., 471; Tennessee, W. U. Tel. Co. v. Sklar, 126 Fed. Rep., 296; Virginia, Tyler v. W. U. Tel. Co., 54 Fed. Rep., 634.

## STATE DECISIONS.

Arkansas, Peay v. W. U. Tel. Co., 64 Ark., 538; California, Morgan v. Co. P. R. R., 95 Cal., 510; Connecticut, Masters v. Warren, 27 Conn., 293; Dakota, Russell v. W. U. Tel. Co., 3 Dakota, 315; Florida, I. O. Tel. Co. v. Saunders, 32 Fla., 434; Georgia, Chapman, v. W. U. Tel. Co., 80 Ga., 763; Illinois, Logan v. W. U. Tel. Co., 84 Ill., 468; Iowa, Ferguson v. Davis Co., 57 Iowa, 601; Indiana, W. U. Tel. Co. v. Ferguson, 157 Ind., 64; Kansas, W. U. Tel. Co., v. Howell, 38 Kan., 635; Louisiana, Black v. Railroad Co., 10 La. Ann., 33; Maine, Smith v. Grant, 56 Me., 255; Massachusetts, Davidson v. Nicholas, 11 Allen, 514; Michigan, Clinton v. Lansing, 61 Mich., 355; Minnesota, Purcell v. St. Paul R. R. Co., 50 N. W. Rep., 1034; Mississippi, Dorrah v. Illinois Central Co., 65 Miss., 11; Missouri, Connell v. W. U. Tel. Co., 116 Mo., 34; Nevada, Johnson v. Wells-Fargo Co., 6 Nevada, 224; New Jersey, Talfer v. Ry. Co., 30 N. J. L., 138; New York, Mitchell v. W. U. Tel. Co., 151 N. Y., 107; Ohio, Morton v. W. U. Tel. Co., 53 Ohio St., 431; Oklahoma, Butner v. W. U. Tel. Co., 2 Okla., 234; Pennsylvania, Ewing v. Ry. Co., 147 Pa. St., 40; South Carolina, Lewis v. W. U. Tel. Co., 57 S. C., 325; Utah, Webb v. Ry. Co., 14 A. & E. R. R. Cases, 189; Vermont, Bovee v. Danville, 53 Vt., 183; Virginia, Connelly v. W. U. Tel., Co., 40 S. E. Rep., 618; West Virginia, Davis v. W. U. Tel. Co., 46 W. Va., 48; Washington, Turner v. Great Northern, 15 Wash., 213; Wisconsin, Summerfield v. W. U. Tel. Co., 87 Wis., 1.

Western Telegraph Co. v. Reid.

ENGLISH · AUTHORITIES.

Lynch v. Knight, 9 House of Lords Cases, 598; Hamlin v. Gt. & N. Ry. Co., I. H. & N., 411; Hobbs v. London Ry. Co., L. R., 10 Q. B., 122; Allsop v. Allsop, 5 Hurl. & N., 534.

Alabama, Iowa, Kentucky, North Carolina, Tennessee and Texas hold to the contrary.

WELLS & WELLS for appellee.

STATEMENT OF POINTS DISCUSSED AND AUTHORITIES.

1. A father may recover damages for his mental pain and suffering caused by the delay of a telegraph company in transmitting a message to a physician stating that his child is sick and asking him to come at once. (W. U. Tel. Co. v. Richardson, 15 S. W. R., 689; W. U. Tel. Co. v. Henderson, 18 A. S. R., 148; W. U. Tel. Co. v. Kenzora, 26 S. W. R., 245; W. U. Tel. Co. v. Cavin, 70 S. W. R., 229; W. U. Tel. Co. v. Stephens, 21 S. W. R., 148; 57 L. R. A., 905; 34 L. R. A., 431.)

2. A judgment of the circuit court will not be reversed for failing to strike out irrelevant and redundant matter in a pleading, if it do not appear to have prejudiced the rights of the appellant. (18 Ky. Law Rep., 632; 4 Met., 330; 2 Bibb, 295; 5 Litt., 235; 1 J. J. M., 37.)

3. The circuit court of Calloway county has jurisdiction of actions for damages arising in that county. (Ky. Stats., secs., 996, 1086 and 3651; Civ. Code, secs. 72 and 51.)

4. Evidence of a physician showing that the child would probably have recovered if the proper medical aid had arrived in time is admissible. (1 L. R. A., 728; 9 S. W. R., 598.)

5. Evidence that the plaintiff felt and exhibited mental anguish is admissible. (6 L. R. A., 844; 1 Greenleaf, Ev., sec. 102; 1 Wharten, Ev., secs. 268 and 269; 15 S. W. R., 689; 18 A. S. R., 148)

6. Proof that the child suffered increased pain on account of the delay of the message is competent evidence, if such facts tend to show that plaintiff's suffering was increased thereby. (1 L. R. A., 728.)

7. Evidence that the doctor could and would have gone immediately by land, if not by rail, if the message had been promptly delivered is admissible. (24 Ky. Law Rep., 2008.)

8. The evidence concerning the treatment given the child was proper, because it was the duty of the plaintiff to make his injury as small as possible and by this evidence this fact was shown. (Gray Communication by Telegram, sec. 100; Joyce on Electricity, sec. 972.)

OPINION BY CHIEF JUSTICE HOBSON.—Reversing.

Appellee, Jobe A. Reid, resides near Dexter, in Calloway county. On the morning of July 29, 1903, between 7 and 8 o'clock, his little son, Cecil, about 15 months old, was taken violently sick with some affection of his bladder. Dr. Clayton, a physician at Dexter, was called in, and found that the child was suffering with suppressed urine. He tried to relieve the child by inserting a catheter and by local applications, but failed. About 10 o'clock Dr. Covington, another physician, was called, who also failed to relieve the child. The two doctors then suggested to Mr. Reid that he telegraph for Dr. Hart, of Murray, to come, as they did not have the instruments needed to operate on the child. The following telegram was then sent: "Dr. J. G. Hart, Murray, Ky.: Come to Jobe Reid's immediately. Child suppressed urine. Bring instruments. Clayton and Covington." The message was delivered to the telegraph company about 11:35 a. m., and was not delivered to Dr. Hart until 5:30 p. m. If it had been delivered promptly, he should have reached the child by 1:30 p. m.; and, by reason of the delay in sending the message, he did not reach it until 7:30 p. m., when he used the proper instruments and relieved the bladder of the child. The child died at 11 a. m. the next day. He suffered excruciatingly from 1:30 to 7:30, and this action was brought by the father, charging that there was gross negligence on the part of the defendant in failing to deliver the message, and that by reason of this the child suffered great agony during the delay in relieving him, and that thereby the father was caused to suffer great inconvenience, annoyance, and mental anguish. The case was submitted to a jury, who found for the plaintiff, and fixed the damages at $500. Judgment having

been entered upon the verdict, and the defendant's motion for a new trial having been overruled, the defendant appeals.

The evidence shows that the message was sent for the plaintiff, and at his instance and request. The court instructed the jury that, if they found for the plaintiff, they "should find for him the actual damages he sustained on account of his own mental pain and anguish, produced by witnessing the suffering of his child, which was caused by defendant's negligence, not exceeding $1,999, the amount sued for." The propriety of this instruction is the only question we deem it necessary to consider upon the appeal. In Western Union Telegraph Company v. Henderson (Ala.), 7 South. 419, 18 Am. St. Rep., 148, the Supreme Court of Alabama held that in a case like this the father might recover for his own mental distress and anxiety in witnessing the suffering of his child. This case was followed by the Supreme Court of Texas in Gulf, &c., Telegraph Company v. Richardson, 15 S. W., 689, and by the Civil Court of Appeals of the same State in Western Union Telegraph Company v. Cavin, 70 S. W., 229. In Western Union Telegraph Company v. Robinson, 37 S. W., 545, 34 L. R. A., 431, the Supreme Court of Tennessee held that the father might recover for his mental anguish where a telegram was sent by him, and was by negligence delayed, summoning a minister to baptize and receive into the church a sick daughter, who died before the minister arrived, in consequence of the delay in delivering the telegram. On the other hand, it was held by the Supreme Court of Texas, in Western Union Telegraph Company v. Cooper, 71 Tex., 507, 9 S. W., 598, 1 L. R. A., 728, 10 Am. St. Rep., 772, where a telegram was sent for a physician to attend a wife who was in labor, that a recovery might be had for the

suffering of the wife by reason of the delay in delivering the message, but that no recovery could be had for the mental anguish of the husband. The same rule was followed by the Supreme Court of Indiana in Western Union Telegraph Company v. Stratemeier, 32 N. E., 871, and by the Court of Appeals of Michigan in Hyatt v. Adams, 16 Mich., 180. In Black v. Railway Company, 10 La. Ann., 33, 63 Am. Dec., 586, it was held that the father could not recover for his mental anguish in witnessing the agony of his son, who was injured in a railway accident. The Texas cases do not seem to us reconcilable, and, in the conflict of authority on the subject, we are left to deduce that conclusion which seems to us most in accord with legal principles.

The reason upon which recovery for mental pain and suffering is allowed for negligence in the delivery of social telegrams is that such damages are within the reasonable contemplation of the parties, and the rule is never applied where a telegram does not on its face apprise the telegraph company of its importance, or show that such damages should be anticipated. The rule that only the natural results which may be reasonably anticipated from the defendant's wrongful act may be recovered runs through the entire law of torts. The telegram which was sent in this case apprised the company simply that the child was suffering from suppressed urine, and that the physician must come to Jobe Reid's immediately. There was nothing on the face of the telegram to show that the child had relatives who would suffer mental anguish, or to apprise the company that a failure to deliver the telegram would naturally bring about a claim for such damages. The sufferings of the father from seeing the child suffer are too remote. If he might recover, we see no reason why the mother, under similar

averments, might not also recover, and it is hard to see to what extent this cause of action might be ramified, or how many actions might be brought; and, as was well said by the Supreme Court of Texas, the father's suffering could only be from alarm and sympathy for the suffering of the sick person. His distress would be merely a reflection of the child's distress, and is too remote and consequential to be the subject of a legal action. Not only so, but, where a message is sent for a sick person, summoning medical aid for him, the meritorious cause of action for the negligent delay in sending the message is in the sick person. He may recover for his pain and suffering which he endured by reason of the negligence of the defendant, but the cause of action is not to be split up, and a recovery allowed by his relatives about his bedside. We therefore conclude that the instruction should not have been given, and that the evidence did not warrant a recovery by the father.

Judgment reversed and cause remanded for a new trial.