WESTERN UNION TELEGRAPH COMPANY v. IDA KIBBLE.

·Decided January 12, 1909.

**1.—Telegraph Company—Negligence—Rule of Damage.**

Special damages recoverable for negligent delay in the delivery of a telegram are limited to such as may reasonably be presumed to have been in the contemplation of both the parties to the contract at the time it was made.

**2.—Death Message—Insufficient Notice.**

A telegram in the following words, to wit: "Come at once" is insufficient in and of itself to charge the telegraph company with notice that mental distress would possibly or probably result to the addressee from a failure to promptly transmit and deliver the message.

**3.—Same—Duty to Inquire, When.**

It is the duty of a telegraph agent to make inquiry as to the purpose of a telegram only when the general nature of the message is plainly disclosed by its terms or otherwise, and some collateral fact, such as the relationship of the parties, without which the damages claimed would not likely result, is not shown.

**4.—Same—Insufficient Evidence.**

In an action against a telegraph company for damages for mental suffering resulting from negligent delay in the delivery of a death message, evidence considered, and held insufficient to charge the defendant with notice of such special damages.

Appeal from the District Court of Grimes County. Tried below before Hon. Gordon Boone.

*Geo. H. Fearons, Lewis & Austin* and *Dean, Humphrey & Powell,* for appellant.—Inasmuch as the telegram described in plaintiff's petition does not disclose the relationship of the plaintiff to Frank Kibble, nor the existence or serious illness of such person as Frank Kibble, and since the evidence is uncontradicted that no extraneous notice, and no notice whatever, was given to the defendant (appellant) of the relationship of the plaintiff to Frank Kibble, or of the illness of the latter, it was the duty of the trial court to instruct a verdict for the defendant, as requested. Joske v. Irvine, 91 Texas, 581; Galveston, H. & H. Ry. Co. v. Faber, 77 Texas, 153; Western U. Tel. Co. v. Carter, 85 Texas, 580.

The use of the words contained in the telegram declared on, and the request made for its immediate transmission and delivery, as a matter of law, constitute no evidence to put the defendant upon notice of the purpose for which said message was sent, and it was error in the trial court to submit to the jury, as an issue of fact, whether or not the language of the telegram and the request for its immediate transmission charged the defendant with notice, or imposed upon it the duty to make further inquiry, with reference to the purpose for which said telegram was being sent. Wood v. G., C. & S. F. Ry. Co., 40 S. W., 24; Hunnicutt v. State, 75 Texas, 233; Houston E. & W. T. Ry. Tel. Co. v. Davidson, 39 S. W., 605; Western Union Tel. Co. v. True, 106 S. W., 315.

The trial court erred in failing and refusing to set aside the ver-

dict and judgment rendered in this cause, because the verdict and judgment are contrary to the law, and are wholly unsupported by the evidence, in this: There was no evidence offered tending to give notice or to charge the defendant with notice of the relationship between the plaintiff, who was named in the telegram, and Frank Kibble, who was not named in the telegram, or of the mental suffering or other consequences that might result to plaintiff by reason of the failure promptly to transmit and deliver said message. Western Union Tel. Co. v. Kirkpatrick, 76 Texas, 217; Western Union Tel. Co. v. Carter, 85 Texas, 580; Houston E. & W. T. Ry. Tel. Co. v. Davidson, 39 S. W., 605; Western Union Tel. Co. v. Linn, 87 Texas, 7; Western Union Tel. Co. v. Luck, 41 S. W., 469; Western Union Tel. Co. v. Kuykendall, 89 S. W., 965; Western Union Tel. Co. v. Bell, 90 S. W., 714; Western Union Tel. Co. v. True, 106 S. W., 315.

*Haynes Shannon,* for appellee.—When a telegram which shows its importance on its face is offered for transmission the relation of all parties concerned, as well as the nature of the dispatch, need not be disclosed; and it is the duty of the telegraph operator receiving an important message for transmission, if he desires information beyond the face of the message, to obtain such information from the sender, and if he does not, the telegraph company is chargeable with the information such inquiry of the sender would have disclosed. Western U. Tel. Co. v. Adams, 75 Texas, 531; Western U. Tel. Co. v. Turner, 94 Texas, 304; Western U. Tel. Co. v. Carter, 85 Texas, 585; Erie Tel. Co. v. Grimes, 82 Texas, 89; Western U. Tel. Co. v. Feegles, 75 Texas, 540; Western U. Tel. Co. v. Evans, 5 Texas Civ. App., 55; Western U. Tel. Co. v. Nagle & Winn, 11 Texas Civ. App., 539; Western U. Tel. Co. v. Johnson, 9 Texas Civ. App., 49; Western U. Tel. Co. v. Hale, 11 Texas Civ. App., 79; Western U. Tel. Co. v. Linn, 87 Texas, 7; Mitchell v. Western U. Tel. Co., 5 Texas Civ. App., 527; Western U. Tel. Co. v. Cavin, 30 Texas Civ. App., 152; Western U. Tel. Co. v. Snow, 31 Civ. App., 275.

REESE, ASSOCIATE JUSTICE.—This is a suit by Ida Kibble against the Western Union Telegraph Company to recover $2000 as damages for negligent failure to transmit and deliver a telegraphic message addressed to her. It is alleged, in substance, that plaintiff's husband, Frank Kibble, was dangerously ill at the home of his mother, Bettie Kibble, in Huntsville, Texas, and that on January 25, 1907, the said Bettie Kibble delivered to defendant's agent at Huntsville for transmission and delivery to plaintiff at Navasota, Texas, the following message:

> "Huntsville, Texas, January 25, 1907.
> "Ida Sims, Colored, Navasota, Texas.   Come at once.
> "Bettie Kibble."

That the purpose of this message was to require plaintiff to come at once to Huntsville to be with her said husband, and that if the message had been promptly delivered she could and would have gone

at once to Huntsville and would have been with her husband before and at the time of his death, which occurred on January 28, but that by reason of the failure on the part of defendant company to promptly deliver the message, and as a proximate consequence thereof she was deprived of the opportunity of being with her husband during his last moments, and at the time of his death, by reason whereof she suffered great mental anguish. It was alleged that while plaintiff's proper name was Ida Kibble, she was well known in Navasota by the name of Ida Sims, which was her name before marriage. The message was not delivered until after plaintiff's return to Navasota from Huntsville, where she had gone upon receipt of another message, but too late to see her husband alive.

Upon trial with a jury there was a verdict in favor of plaintiff for $750, and from which judgment, its motion for a new trial having been overruled, defendant prosecutes this appeal.

The negligence of appellant in failing to deliver the message was abundantly shown, and is admitted in its brief. It was also shown by the undisputed evidence that if reasonable diligence had been used in the delivery of the message appellee could and would have gone to Huntsville in time to be with her husband at least two days before, and at the time of, his death. Appellant defends here solely upon the ground of want of such notice to it of the purpose of the message as to charge it with the damages claimed and awarded, and the point is presented by appropriate assignments of error complaining of the refusal of charges requested, the charge of the court, and the action of the court in overruling its motion for a new trial.

The defendant requested the court to charge the jury as follows: "In this case the telegram sued on and offered in evidence does not in terms disclose its importance, and is wholly insufficient to put the defendant upon notice of the purpose for which the same was sent, or that the failure on its part to promptly deliver the same would result in plaintiff's being unable to be present with her husband in his last moments and at his death; and the plaintiff herein has failed to show by the evidence that any other notice of the importance of said message, or the purpose of the sending of the same, or the consequences that would result by reason of the failure of the defendant promptly to transmit and deliver the same, than was disclosed by the message itself. You are therefore instructed to return a verdict in favor of the defendant." And also requested peremptory charge to find for defendant, both of which were refused.

The court charged the jury: "If you believe from a preponderance of the evidence that the defendant company, its servants and employes, by the use of the words contained in said telegram, and the request made for its immediate transmission, were put upon such notice as to the purpose of such message as would have caused a person of ordinary prudence to make further inquiry as to the purpose of said message; and if you further believe by a preponderance of the evidence that after the message reached Navasota the said defendant company, its servants and employes, were guilty of negligence in not making delivery of such message to plaintiff, and you further believe that but for such negligence, if any, they would have

made delivery of said message to plaintiff, and that plaintiff could and would have gone to Huntsville and have been at the bedside of her husband before his death and been with him at said time, you will find for plaintiff.

"On the other hand, if you do not believe from a preponderance of the evidence that the words in the message and the request of the sender of the message were sufficient to put a person of ordinary prudence upon inquiry as to the purpose of said message, you will find for the defendant."

The refusal of the requested instructions and the giving of the charges copied above are made the basis of assignments of error from one to five.

Outside of the terms of the message it was shown that when it was presented to the agent he was requested to send it at once. No information of the subject of the message was given to the agent, further than such as was to be gained from the message itself. The request to send it at once added nothing to what was contained in the face of the message, so we have nothing except the language of the message, by which appellant was advised that the addressee was requested to "come at once" to Huntsville. This was insufficient to inform appellant that mental distress of any character whatever would probably or possibly result to appellee from failure to promptly transmit and deliver the message. With regard to the rule in such cases it is said in Ikard v. Western U. Tel. Co., 22 S. W., 534, "It is too well settled to require citation of authorities that the special damages recoverable in actions of this character are limited to such as may reasonably be presumed to have been in contemplation of the parties at the time the contract was made." As said by Justice Williams, of this court, in Western U. Tel. Co. v. Kerr, 4 Texas Civ. App., 286, "Our Supreme Court in this class of cases has restricted the damages recoverable to such as were within the contemplation of the parties. The rule thus enforced is a conservative one, intended to leave it within the power of parties making contract to form some estimate of the consequence of the failure to perform."

"The rule of damages recoverable for the nondelivery of a telegraph message is the natural and necessary consequences of the breach of the contract as contemplated by the parties." (Western U. Tel. Co. v. Smith, 26 S. W., 216.) Not as contemplated by one of the parties, but as contemplated by both parties. We think this is in accord with the settled law as laid down by our Supreme Court. (Western U. Tel. Co. v. Sheffield, 71 Texas, 574; Daniel v. Western U. Tel. Co., 61 Texas, 452; Western U. Tel. Co. v. Brown, 71 Texas, 724; Western U. Tel. Co. v. Linn, 87 Texas, 7; Western U. Tel. Co. v. Luck, 91 Texas, 178; Western U. Tel. Co. v. Kuykendall, 99 Texas, 323; Western U. Tel. Co. v. Carter, 85 Texas, 580; Western U. Tel. Co. v. True, 101 Texas, 236; 27 Am. & Eng. Ency. of Law, 1064; Kennon v. Western U. Tel. Co., 126 N. C., 232.)

There is a statement in the Ency. of Law cited, on page 1065, to the effect that a message to "come at once" is sufficient to charge the company with notice of mental suffering likely to result from delay

in delivery. An investigation of the authorities cited in the note, however, discloses that in every case cited there was a distinct statement in the message showing that it related to sickness or death or some kindred subject. The following Texas cases are cited in support of the text: Western U. Tel. Co. v. May, 8 Texas Civ. App., 176; Western U. Tel. Co. v. Randles, 34 S. W., 447; Western U. Tel. Co. v. Kinsley, 8 Texas Civ. App., 527; Western U. Tel. Co. v. De Jarles, 8 Texas Civ. App., 109; Southwestern Tel. & Tel. Co. v. Taylor, 26 Texas Civ. App., 79; Western U. Tel. Co. v. Sweetman, 19 Texas Civ. App., 435.

The message itself and the request to hasten its transmission gave to appellant's agent at Huntsville not the slightest hint of its purpose as connected with the dangerous illness of appellee's husband. So far as the agent was informed, her immediate presence was desired in Huntsville for some purpose, but whether for business or pleasure or to attend some sacred duty to some one, the message gave him no intimation. How then can it be said that it could reasonably have been within his contemplation, as the representative of appellant, that delay in transmission and delivery of the message would result in depriving appellant of the opportunity of being at the bedside of her sick husband, and attending him during his last hours, with the resultant consequences in the way of mental suffering? If such be the rule, then it would necessarily and logically follow that if, instead of the illness of her husband, some important business matter had required appellee's immediate presence in Huntsville, appellant would have been liable for the natural and reasonable consequences of the failure to deliver the message in the way of the loss of a profitable bargain or any other financial or business loss. Appellant had as much right to assume that such consequences would result as those that actually did result. No case that we have found, certainly none of those cited by appellee, go to this length.

But it is insisted, and the charge of the court goes upon this theory, that the message apprized appellant's agent that appellee's immediate presence in Huntsville was required for some purpose and that it was his duty to inquire as to the purpose, and that appellant is affected with notice of whatever might have been learned by such inquiry. Certain expressions in the opinion in Western U. Tel. Co. v. Adams, 75 Texas, 531, and other cases are relied upon to support this contention, but we do not think that they go to that extent. (Western U. Tel. Co. v. Cavin, 30 Texas Civ. App., 152; Western U. Tel. Co. v. Snow, 31 Texas Civ. App., 275.) Such duty is required when the general nature of the message is plainly disclosed by its terms or otherwise, and some collateral fact, such as the relationship of the parties, without which the damages claimed would not likely result, is not shown. In all the cases referred to in support of this proposition the general nature of the message was disclosed either by its terms or by information given to the agent at the time, as in the case of Cavin, *supra.* We think that it is only in such cases that it is the duty of the agent to make inquiry, and that the telegraph company would be affected with notice of what would be learned by such inquiry. (Houston E. & W. T. Ry. Tel. Co. v. Davidson, 15 Texas

Civ. App., 334.)   The rule contended for by the appellee and adopted by the court would make a telegraph company liable for all of the damages proximately resulting from the negligent failure to deliver any sort of message unless upon its face it appeared that such damages would not probably result, and would destroy the rule limiting the damages to such as were in contemplation of the parties as likely to result from negligence in transmission and delivery.

There being nothing in the face of the message which put upon appellant the duty to inquire as to its purpose, it can only be liable for such damages as could have been reasonably anticipated from the terms of the message as likely to result from the delay in its transmission and delivery.   This did not and could not be held to include the damages here sued for resulting from the mental distress of appellee.

The court should have instructed the jury to return a verdict for appellant as to the damages claimed for mental anguish.   The record indicates that no other and further evidence could be had upon another trial of notice to appellant's agent of the subject of the message or its purpose.   The judgment of the District Court, therefore, as to the damages for mental suffering is reversed and judgment here rendered for appellant.   Under the allegations and proof and under her prayer for general relief appellee is entitled to recover the cost of the message, amounting to twenty-five cents, and as to that amount and the costs of the District Court the judgment is reformed and affirmed. The costs of the appeal will be adjudged against the appellee.   Let the judgment be so entered.

*Reversed and rendered in part.*
*Reformed and affirmed in part.*

Writ of error refused.