R. H. PIERSON v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 5 May, 1909.)

1. Telegraphs—Negligence—Office Hours—Efforts to Deliver—Defenses.

The observance of reasonable office hours is not a valid defense to the delayed delivery of a message by a telegraph company, when it is shown that it was received on Saturday night as a night message, delivered on Monday morning between 9 and 10 o'clock, and under the rules of the company it appeared that it should have been delivered on Sunday morning to the addressee, who resided within a short distance of the telegraph office, and no effort was made to do so.

2. Telegraphs—Messages—Negligence—Failure to Deliver—No Train—Evidence—Questions for Jury—Instructions.

When it appears that the delivery of a telegram announcing an extreme illness had been negligently delayed by the defendant telegraph company from 8 A. M. Sunday morning until between 9 and 10 A. M. Monday morning, that no train ran from that place on Sunday which plaintiff could have taken, and the defense was that defendant's negligence was not the proximate cause of the injury, for that the plaintiff could not have reached his destination before the funeral had the message been promptly delivered, testimony of plaintiff tending to show he could have

driven a great distance through the country and have taken a
train at another station in time was sufficient evidence to be
submitted to the jury, under an instruction that such fact must
be shown by the plaintiff to the satisfaction of the jury.

3. Telegraphs—Messages—Notice of Importance—Relationship—
Mental Anguish—Evidence Sufficient.

A telegram announcing the dying condition of a child, with re-
quest to "come," puts the company upon notice of its importance
to the sendee and that it was sent for his benefit; and when the
testimony shows that the child was a niece, to whom sendee was
much attached, and had lived with her in his brother's house, it
is sufficient evidence for the jury to consider in awarding dam-
ages for mental anguish.

ACTION tried before *Ward, J.,* and a jury, at August Term,
1908, of CALDWELL.

Action for damages, arising from delay in delivering a tele-
gram to plaintiff, as follows:

"STATESVILLE, N. C., October 13, 1906.

"R. H. PIERSON,
*Lenoir, N. C.*

"Come to Statesville at once. Hamp's child dying.

"J. H. HOLDEN."

These issues were submitted:

1. "Was the defendant guilty of negligence in respect to the
transmission and delivery of the telegram to the plaintiff, R. H.
Pierson?" Answer: "Yes."

2. "If so, was the plaintiff, R. H. Pierson, injured thereby?"
Answer: "Yes."

3. "What damages, if any, has the plaintiff sustained?" An-
swer: "Three hundred dollars."

From the judgment rendered defendant appealed.

*W. C. Newland, Thomas Newland* and *Lawrence Wakefield*
for plaintiff.

*Avery & Avery* and *George H. Fearons* for defendant.

BROWN, J. The message was filed with defendant company
as a night message, for transmission on Saturday, 13 October,
1906, at 8 P. M. It was delivered to the plaintiff on Monday

morning, between 9 and 10 o'clock. That this is gross negli-
gence is not open to discussion. Assuming that it was filed and
accepted as a night message, under the rules of the company,
it should have been delivered next morning about 8 o'clock,
according to the testimony of defendant's operator. It was not
received at Lenoir until 9:42 A. M. Sunday, and when received
at Lenoir it was addressed to the care of Jim Betler instead of
Jim Booth, but there is no evidence that plaintiff is chargeable
with that error. There is no evidence of any effort being made
Sunday morning to find plaintiff or Jim Betler in Lenoir,
although the former resided within two hundred yards of the
telegraph office. We think his Honor did not err in directing
the jury that if they believed the evidence to answer first issue
"Yes."

.The real defense of the defendant is based upon the theory
that if the telegram had been delivered on Sunday morning,
according to contract, the plaintiff could not have reached States-
ville in time to attend the funeral, and that therefore the plain-
tiff has failed to show that defendant's negligence was the proxi-
mate cause of the injury. It is plain that there was no train leav-
ing Lenoir on Sunday morning which he could have taken, as the
only Sunday train left at 5 A. M.; but plaintiff testified that he
would have gone to Statesville Sunday morning had he received
the message, and that he could have gotten there for the funeral
by driving to Hickory. The possibility of such an achievement
was contested by defendant, but we think his Honor properly
submitted the question to the jury when he told them "that the
plaintiff must show to your satisfaction that he could have gone
to Statesville before the funeral." Upon this contention his
Honor fairly submitted to the consideration of the jury the evi-
dence and facts relied on by defendant as well as plaintiff.

It is further contended that there is no evidence that the
plaintiff suffered any mental anguish.

The character of the message put defendant upon notice of
its importance to the sendee and that it was sent for his benefit.
The testimony shows that the dying child was plaintiff's niece,
with whom he had lived in his brother's house, and that he was

much attached to her. It is true that plaintiff does not use as strong language in endeavoring to portray his grief as is sometimes employed, but facts sometimes speak louder than words, and both together made out a case sufficiently strong to be submitted to the jury.

No Error.