CASE 66.—ACTION BY WALTER E. GLOVER AGAINST THE
    WESTERN UNION TELEGRAPH COMPANY.—May
    17, 1910.

## Western Union Telg. Co. v. Glover.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, Second Division).

THOMAS R. GORDON, Judge.

Judgment for plaintiff, defendant appeals.—Re-
versed.

Telegraphs and Telephones—Failure to Deliver Message—Dam-
    ages—Mental suffering.—A telegraph message · reading,
    "Wire me to Toledo dare train three hundred and nine Big
    Four if operation successful," was insufficient in itself to
    give notice to the telegraph company that the operation
    referred to was a surgical operation to be performed on the
    wife of the sender, and that mental suffering would result
    to the sender by a failure to transmit and deliver the mes-
    sage, and hence damages for mental suffering were not recov-
    erable for failure to deliver the message within the proper
    time.

RICHARDS & RONALD and A. B. BENSINGER for appellant.

LAWRENCE S. LEOPOLD and EDWARDS, OGDEN & PEAK
for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Revers-
ing.

On the afternoon of June 10, 1907, Walter E.
Glover, while at Mt. Clements, Mich., on account of
his health, was told by his wife over the telephone
that she had been advised that she had an acute case
of appendicitis, and must be operated on at once.

He asked her if the operation could not be postponed until the next day so that he could get home. She said, "No; the doctor advised it must be done immediately." He then arranged with his wife that he would talk with the physician. Later in the afternoon about 6:30 he talked to the physician over the telephone who confirmed what his wife had said, and he then arranged with the physician that he would start home that night, and would wire where he would be so that a message could reach him telling him the result of the operation. He made his arrangements to come to Louisville on the Big Four train, and ascertained that it would reach Toledo about midnight. He wrote the following message: "William Casey, In care of Walter E. Glover, 1706 Third street, Louisville, Ky. Wire me to Toledo care train three hundred and nine Big Four if operation successful. (Signed) Walter." He delivered the message to a messenger boy. He asked the messenger how much it would be, and the messenger said, "I don't know." He then said, "Well, don't stop. Rush this and collect this at the other end." The message was written on a day blank, but was marked by somebody, "Night." It was received at Louisville at 9:40 p. m. but, being marked as a night message, under the rule of the company was not delivered until the next morning. When delivered to Mr. Casey, who was Glover's brother-in-law, it was too late to send an answer. Glover, on reaching Toledo inquired if there was a message there for him and, finding none, gave orders that if one came it should be forwarded to him on the train. He remained up looking for a message, and did not hear from his wife until he reached Louisville about noon the next day, when

he learned that the operation had been successful, and she was doing well. He brought this suit against the telegraph company to recover damages for mental anguish sustained by reason of not hearing from his wife as he would have done if the message had been delivered. On a trial in the circuit court he recovered $500, and the telegraph company appeals.

It will be observed that on the face of the message there was nothing to indicate what sort of an operation was referred to. The word "operation" might refer to the operating of a piece of machinery just to be started, as an electrical plant. It does not necessarily refer to a surgical operation, and there was nothing in the message to show that, if a surgical operation was to be performed, it was on one of near kin to the sender, so that mental anguish would be suffered if it was not answered. In Chapman v. Western Union Telegraph Company, 90 Ky. 265, 13 S. W. 880, 12 Ky. Law Rep. 265, which was the first telegraph case in which mental anguish was allowed as an element of damages, this court quoted with approval from Sherman and Redfield on Negligence, section 605, as follows: "Yet, in such cases the damages ought not to be enhanced by evidence of any circumstances which could not reasonably have been anticipated as probable from the language of the written message."

The Western Union Telegraph Co. v. Van Cleave, 107 Ky. 464, 54 S. W. 827, 22 Ky. Law Rep. 53, 92 Am. St. Rep. 366, which was the next case in which the subject came up, the court, sustaining the rule announced in the previous case, rested it upon the principle laid down in Hadley v. Braxendale, 9 Exch. 341: "When the parties have made a con-

tract, which one of them has broken, the damages which the other party ought to receive in respect to such breach of contract should be such as may fully and reasonably be considered either as arising naturally—i. e., according to the usual course of things —from such breach of contract itself, or such as may be reasonably supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it.'' The court also there said: ''If, as argued, the law does not deal generally with the feelings and emotions, it may be answered that here the parties themselves have contracted with respect to those very things, or, at least, have contracted with respect to those things which naturally affect the feelings and emotions. For the purpose of having him attend, a message is sent to a son, informing him of his mother's death, and the date of her funeral and burial. It must be supposed that a failure to deliver such a message will cause mental suffering; and this suffering is, therefore, a consequence or result within the contemplation of the parties.''

In Western Union Tel. Co. v. Reid, 120 Ky. 231, 85 S. W. 1171, 27 Ky. Law Rep. 659, 70 L. R. A. 289, the court denying a recovery for mental anguish, said: ''The reason upon which recovery for mental pain and suffering is allowed for negligence in the delivery of social telegrams is that such damages are within the reasonable contemplation of the parties, and the rule is never applied where a telegram does not on its face apprise the telegraph company of its importance, or show that such damages should be anticipated. The rule that only the natural results which may be reasonably anticipated from the defendant's wrongful act may be recovered runs through the entire law of torts.''

In Postal Telegraph & Cable Co. v. Terrell, 124 Ky. 831, 100 S. W. 295, 30 Ky. Law Rep. 1023, 14 L. R. A. (N. S.) 927, the court applied the same principle, and, sustaining a recovery, said: ''In the case at bar the telegram apprised the defendant that mental suffering might reasonably be anticipated from the failure to deliver the telegram, and to allow mental suffering to be recovered is only to allow such damages as the parties should reasonably have anticipated to result from the breach of the contract.''

Again in Postal Telegraph Cable Co. v. Louisville Cotton Oil Co., 122 S. W. 852, which was a case involving a business telegram, the court after referring to the general rule that special damages not within the reasonable contemplation of the parties cannot be recovered said: ''This rule we think is fair and just to apply to telegraph companies. If the message on its face, although partly in cipher, or unintelligible, would furnish to a person of ordinary prudence notice that it was important, and its prompt delivery essential, or if the company or its operator receiving it has notice of its importance, then special damages may be recovered for the failure to promptly transmit or deliver it. On the other hand, if the message is of such a character that it does not convey any information of its importance or the necessity for its prompt transmission or delivery, and if the company or its operator receiving it has no information or notice of its importance, only nominal damages, or in other words, the price paid for sending the message, can be recovered if the company is negligent in its transmission or delivery.''

The rule allowing damages to be recovered for mental anguish in the case of a social telegram is

rejected in a majority of the states, and where the recovery is allowed it seems to be held that such a recovery can only be had where the message on its face is sufficient to put a person of ordinary prudence on notice that mental anguish may be suffered, or the company has actual notice of the fact. Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 South. 820; Western Union Tel. Co. v. Kibble (Tex. Civ. App.) 115 S. W. 843; Joyce on Electricity, sec. 1801a; Jones on Telegraph and Telephone Cos., sec. 531; 27 Am. & Eng. Encyc. of Law, 1074. We cannot extend the rule allowing a recovery for mental anguish in cases of this sort beyond the limits which have been laid down. To do so would be to ignore the principle that only such damages may be recovered as were reasonably within the contemplation of the parties when the contract was made. In Postal Telegraph Co. v. Pratt, 85 S. W. 226, 27 Ky. Law Rep. 430, the company had notice of the facts. In Davis v. Western Union Telegraph Co., 107 Ky. 527, 54 S. W. 849, 21 Ky. Law Rep. 1251, 92 Am. St. Rep. 371, it was held that the message was sufficient to give a person of ordinary prudence notice of the facts. But here there was nothing on the face of the message or in the transaction to put a person of ordinary prudence on notice that mental anguish would reasonably result if the message was not delivered promptly.

We, therefore, conclude that no recovery can be had for mental anguish sustained by the plaintiff. This conclusion makes it unnecessary for us to consider the other questions raised by counsel.

Judgment reversed, and cause remanded for a new trial and further proceedings consistent herewith.

Nunn, J., dissents.