## Bagby v. Western Union Telegraph Company.

(Decided March 26, 1915.)

### Appeal from Kenton Circuit Court
### (Criminal, Common Law and Equity Division).

Telegraphs and Telephones—Telegram—Delay in Delivery—Mental Anguish—Notice—Sufficiency.—A telegram worded "Come at once" is not sufficient to apprise the company of the probability of mental anguish in case the message is not promptly delivered, and damages for mental anguish cannot be recovered by the sendee in the absence of actual notice to the company of the importance of the message.

B. F. GRAZIANI for appellant.

S. D. ROUSE, GEORGE H. FEARONS and RICHARDS & HARRIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action plaintiff, E. F. Bagby, seeks to recover of the Western Union Telegraph Company damages for mental anguish resulting from its failure to deliver a telegram. On the first trial the jury returned a verdict in favor of plaintiff for $1,000.00. A new trial was granted. The second trial resulted in a verdict and judgment in favor of defendant. Plaintiff appeals.

Plaintiff insists that the court erred in granting a new trial and asks that the first judgment be reinstated in lieu of the judgment on the last trial. If this cannot be done, he asks for a reversal of the latter judgment for alleged errors committed during that trial.

In view of the conclusion of the court, it will be unnecessary to set out the evidence at length. It is sufficient to say that plaintiff is a huckster and lives in Latonia, Ky. His brother, R. E. Bagby, lived at Whiteland, Indiana. The latter had been ill for some time. The telegram on which the action is based is as follows:

"Nov. 26, 1912, Whiteland, Ind.

"E. F. Bagby, Latonia, Ky.

"Come at once.

(Signed)    "MRS. BLANCHE BAGBY."

The telegram was not delivered until the morning of the 27th of November. Plaintiff's brother died about 5:00 A. M. on that day. Plaintiff left for Whiteland

early on the morning of November 27th and reached there after the death of his brother. Though he was apprised through other sources of the serious illness of his brother on the afternoon of November 26th, he claims that that information came too late to enable him to take the night train for Whiteland, which would have enabled him to reach there before his brother's death.

In a number of States damages for mental anguish resulting from a failure to deliver a telegram are not allowed. Western Union Telegraph Company v. Chouteau, 28 Okla., 664, 115 Pac., 879, 49 L. R. A. (N. S.), 206, Amer. Ann Cas. 1912 D., 824, and cases annotated.

In this and other jurisdictions where such damages may be recovered, it is the well-established rule that there can be no recovery of damages for mental anguish unless such damages can be said to have been reasonably within the contemplation of the parties at the time the contract for the transmission of the telegram was made. It is not sufficient that mental anguish does result from the negligence of the company or its agents, but the plaintiff must show that the company had notice, either from the character of the telegram itself or from extrinsic information, that the mental anguish suffered by the plaintiff was such as the company ought reasonably to have anticipated would follow from its negligence in respect to the telegram. Western Union Telegraph Company v. Glover, 138 Ky., 500, 128 S. W., 587, 49 L. R. A. (N. S.), 309; Western Union Telegraph Company v. Reid, 120 Ky., 231, 70 L. R. A., 289, 85 S. W., 1171; Hildreth v. Western Union Telegraph Company, 56 Fla., 387, 47 So., 820; Western Union Telegraph Company v. Kibble, 53 Tex. Civ. App., 222, 115 S. W., 643; Davis v. Western Union Telegraph Company, 139 N. C., 79, 51 S. E., 898. Hence, a message which, upon its face, relates to sickness, death and burial is sufficient of itself to charge the telegraph company with notice of special damages which might follow its negligence in failing to deliver the message. Western U. Teleg. Co. v. Shofner, 87 Ark., 303, 112 S. W., 751; Cashion v. Western U. Teleg. Co., 124 N. C., 459, 45 L. R. A., 160, 32 S. E., 746; Harrison v. Western U. Teleg. Co., 136 N. C., 381, 48 S. E., 772; Pierson v. Western U. Teleg. Co., 150 N. C., 559, 64 S. E., 577; Davis v. Western U. Teleg. Co., 107 Ky., 527, 92 Am. St. Rep., 371, 54 S. W., 849. If, however, the message does not relate to

sickness or death and there is nothing on its face to put a person of ordinary prudence on notice that mental anguish would naturally follow if the message was not promptly delivered, no recovery can be had from mental anguish in the absence of actual notice of the purpose for which the message was sent. Thus, in Sparkman v. Western U. Teleg. Co., 130 N. C., 447, 41 S. E., 881, it was held that a message, "Shall we look for him, or what are you going to do?" did not disclose urgency, In the case of Williams v. Western U. Teleg Co., 136 N. C., 82, 48 S. E., 559, 1 Ann. Cas., 359, it was held that a message worded "Have Dr. Register meet me at Weldon Friday" did not charge the company with notice that mental anguish would likely follow negligence in the delivery of the message. In Western U. Teleg. Co. v. Hogue, 79 Ark., 33, 94 S. W., 924, it was held that damages for mental anguish could not be recovered for failure to deliver a telegram worded "I will be there on the evening train." In the case of Western U. Teleg. Co. v. Bryant, 17 Ind. App., 70, 46 N. E., 358, a similar ruling was made in regard to a message worded "Cannot come today. Will come tomorrow." In the case of Western U. Teleg. Co. v. Kibble, *supra,* the message was, "Come at once," and therefore identical with that under consideration. It was held that the message was insufficient to inform the telegraph company that mental distress of any character whatever would probably result from the company's failure to promptly transmit and deliver the message.

Here there was neither allegation nor proof of actual notice to the company of the illness of plaintiff's brother. Plaintiff's case is predicated on the telegram alone. There is nothing on the face of the telegram to indicate that plaintiff's brother was ill or that he even had a brother. So far as its face imports, the message may have related to a business or social engagement. Certainly there is nothing in the message to put a person of ordinary prudence on notice that mental anguish would probably result from its non-delivery, and it follows that plaintiff failed either to allege or prove a good cause of action against the defendant. That being true, the court did not err in granting the new trial nor was plaintiff prejudiced by the finding of the jury in defendant's favor on the last trial.

Judgment affirmed.