# Haffey v. Western Union Telegraph Company.

(Decided May 9, 1922.)

## Appeal from Henderson Circuit Court.

1.  Telegraphs and Telephones—Damages for Mental Suffering.—It is a well recognized rule of law in this jurisdiction that the recovery of damages against a telegraph company for mental anguish, on account of its failure to transmit or deliver a telegram conveying information of the sickness or death of a person, will not be allowed, unless such damages can be said to have been reasonably within the contemplation of the parties when the contract for the transmission of the telegram was made.

2.  Telegraphs and Telephones—Damages for Mental Suffering.—It is not sufficient that such anguish does result from the negligence of the telegraph company or its agents, but it must, in addition, be shown by the plaintiff that the company had, either from the character of the telegram itself or from extrinsic information, knowledge that the mental anguish suffered by the plaintiff was such as the company ought reasonably to have anticipated would result from its negligence in respect to the telegram.

3.  Telegraphs and Telephones—Action for Failure to Deliver Telegram—Directing Verdict.—As in this case a telegram informing the appellant's brother of the death of her daughter and requesting him to notify other relatives thereof, was received by the appellee's agent for transmission to the addressee from another whose name was signed to it as the sender; and the telegram did not disclose the name of appellant or that of the deceased daughter or the relationship of the former to the latter or to the brother, it could not as a matter of law or fact be said that the character of the telegram was such as to enable the appellee's

agent to know that its object was to procure for the appellant the promised presence, comfort and financial assistance of her brother at the burial of the daughter, or to enable such agent to reasonably anticipate that the mental anguish claimed to have been suffered by the appellant would result from appellee's negligent failure to deliver the telegram. And as on the trial of the case the evidence was insufficient to establish that appellee's agent obtained such necessary information independent of the telegram, the directed verdict for the appellee, required by an instruction of the court, was proper.

F. J. PENTECOST and ERNEST WOODWARD for appellant.

YEAMAN & YEAMAN and W. OVERTON HARRIS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In this action brought by the appellant, Mary A. Haffey, against the appellee, Western Union Telegraph Company, seeking the recovery of damages of the latter because of its alleged negligent failure to deliver a telegram, intended to advise her brother of the death of her daughter, there were two trials in the court below. On the first trial the appellant recovered a verdict and judgment for $125.00 in damages. Appellee was granted a new trial which resulted in a verdict and judgment in its behalf, the verdict being returned by the jury in obedience to a peremptory instruction from the court so directing. The appellant was refused a new trial, complaining of which, and of the verdict and judgment, she has appealed.

The telegram in question reads as follows:

"Henderson, Kentucky, November 28, 1916, 10 a. m. to James Flood, Hardinsburg, Kentucky. Sister died 10 a. m. Please notify relatives.

"(Signed) MARGARET HAFFEY."

Margaret Haffey, now Margaret Schenk, sender of the telegram, is the daughter of the appellant. The unnamed person whose death is mentioned in the telegram was Bridget Haffey, another daughter of the appellant and, of course, a sister of Margaret; and James Flood, the addressee of the telegram, a brother of the appellant and uncle of the sender of the telegram. It will be observed that appellant is not named or referred to in the telegram, nor does it contain anything indicating to the appellee's agent at

Henderson or Hardinsburg that she was the sender or in any way connected with the subject of the telegram. On its face the telegram only indicated that its mission was to notify James Flood of the death of some third person referred to as "sister," whom the appellee's agents, or any reader of it, would naturally suppose to be the sister of Margaret Haffey or James Flood. It is true the petition bases the appellant's right of recovery upon the alleged grounds that James Flood, her brother, had promised her, upon receiving information of her daughter's death, to notify her two other brothers, and that he and they would attend the burial and he render her such comfort or financial aid as she might stand in need of in her mental distress; and that James Flood and the other brothers, but for the alleged negligent failure of appellee to deliver the telegram, could and would have gotten to Henderson in time for the daughter's burial and for James Flood to render appellant the comfort and financial aid promised by him and expected by her. It does not, however, appear to be alleged in the petition that the purpose for which the presence of the brothers, or especially that of James Flood, at the daughter's burial was desired by her was communicated to or known by appellee's Henderson operator, or that the latter was acquainted with her or the sender of the telegram, or knew o fthe relationship between them.

The petition admits that the telegram in question was not delivered to the appellee's Henderson operator by the sender in person, but that it was communicated by telephone, accompanied with the information that James Flood, the addressee, lived in the country about six miles from Hardinsburg, and that appellee's operator at the latter place would have to convey him the contents of the telegram by telephone to his residence.

The appellee filed a general demurrer to the petition, which the trial court overruled. Excepting to this ruling the appellee filed an answer traversing the material averments of the petition, and all affirmative matter of the answer was controverted by reply. In some of the states a recovery of damages for mental anguish caused by a negligent failure to deliver a telegram is not permitted. But in this and other jurisdictions where such damages may be recovered, it is the well recognized rule that the recovery of damages for mental anguish will not be allowed unless such damages can be said to have been reasonably within the contemplation of the parties when the

contract for the transmission of the telegram was made. It is not enough that such anguish does result from the negligence of the telegraph company or its agents, but it must, in addition, be shown by the plaintiff that the company had, either from the character of the telegram itself, or from extrinsic information, knowledge that the mental anguish suffered by the plaintiff was such as the company ought reasonably to have anticipated would result from its negligence in respect to the telegram. Chapman v. W. U. Telegraph Co., 90 Ky. 271; W. U. Telegraph Co. v. Glover, 138 Ky. 500; Davis v. W. U. Telegraph Co., 107 Ky. 537; L. & N. R. R. Co. v. Hull. 113 Ky. 561; Thurman v. W. U. Telegraph Co., 127 Ky. 137; Bagby v. W. U. Telegraph Co., 164 Ky. 15; Thompson on Negligence, sections 2471, 2476, 2477, 2480; Shearman & Redfield on Negligence, sections 605, 756.

As the telegram contained nothing by which the appellee was advised that its object was to procure for her comfort or financial assistance by the presence of. her brother, James Flood, at the burial of her deceased daughter, it cannot be said that it was of a character sufficient to apprise the appellee that the alleged mental anguish suffered by the appellant from the absence of the brother at the burial of the daughter was such as it ought reasonably to have anticipated would result from its negligent failure to deliver the telegram; therefore, we conclude that no right of recovery in her is apparent from the face of the telegram. So it only remains to be determined from the evidence in her behalf, which was all that was introduced on the trial, whether it furnished appellee at the time of receiving and undertaking to transmit and deliver the telegram, such extrinsic information of the object of the telegram and her connection therewith as was sufficient to enable it to know that the alleged mental anguish suffered by appellant was such as it ought reasonably to have anticipated would result from its negligence, if any, in failing to deliver the telegram. We find no evidence in the record which proves or imputes to the appellee knowledge of appellant's having any interest in or connection with the telegram or the sending of same. It is not claimed by the appellant that she personally gave any such information to the appellee's Henderson operator, and the only testimony from the daughter on that subject was merely to the effect that in telephoning the contents of the telegram to the operator she told him it was addressed to her uncle, and it was

important that he or they (meaning all the Flood brothers) be there; or that on account of its being a death message it was most important that they be there. Obviously, there was nothing in this oral telephone communication that conveyed any information to appellee's operator that appellant had any interest in or connection with the telegram, or that conduced to furnish any information regarding her relationship to the sender or sendee of the telegram or the person whose death it announced. The case at bar is like numerous others in which a recovery was refused on the ground that the plaintiff's relationship or interest in the person whose illness or death announced by the telegram was undisclosed to the telegraph company by the telegram, or any extrinsic information furnished by the sender. Morrow v. W. U. Tel. Co., 21 R. 1263; Davidson v. W. U. Teleg. Co., 21 R. 1212; W. U. Teleg. Co. v. Swearingen, 126 S W. 1071; 37 Cyc. 1721. For which reason, if no other were apparent from the record, the peremptory instruction given by the trial court directing the verdict in behalf of the appellee was authorized.

It is by no means clear from the evidence that the distress of mind or mental anguish of appellant did not result wholly from the death of her daughter; at any rate it is not apparent to what extent, if any, it was contributed to by the absence of her brother, James Flood. We are not prepared to say, however, that there should have been a directed verdict for appellee on this ground. Nor is it clear from the evidence that it establishes a negligent failure on the part of appellee to deliver the telegram, as it was admitted by the appellant that delivery of the telegram from appellee's Hardinsburg station could be made only by telephoning its contents to the addressee's home in the country, and it was shown by a letter from its agent, introduced by appellant, that this was attempted without success; and that following early notice of this to Margaret Haffey, sender of the telegram by wire from the agent, the latter, by her immediate instruction, inclosed the telegram in a letter which was promptly mailed to the addressee at his postoffce address. It is true the addressee testified that the letter was not received by him, but it is not apparent from the evidence that this was because of any negligence on the part of the agent.

We find no error in the refusal of the trial court to permit the recall of appellant to testify more particularly

regarding her mental anguish on account of the absence of her brother at her daughter's burial. She was not recalled to the witness stand until after the court had announced the granting of the peremptory instruction, and no good reason was shown for the giving of further testimony by her as to a matter upon which she had previously testified both on this and the first trial of the case.

Under the circumstances the ruling of the court excluding her further testimony was not an abuse of its discretion.

No reason being shown for disturbing the verdict, the judgment is affirmed.