## A. D. CHRISTMON v. POSTAL TELEGRAPH-CABLE COMPANY.

(Filed 20 March, 1912.)

**1. Telegraphs—Damages—Mental Anguish—Notice—Evidence.**

A telegraphic message asking the addressee to "send word to the sender's wife that he will be home the next day" does not upon its face show that the illness of the sender's wife will naturally and proximately result from the failure of the company to send it.

**2. Same—Verbal Notice.**

The sender, upon delivering a message to the agent of a telegraph company reading, "Send word to wife will be home to-morrow. Am well," informed the agent that he did not send the message direct to his wife because her condition was such that he was afraid it would surprise and excite her: *Held*, sufficient to notify the company that her condition was serious, if not critical; that she would suffer mental anguish if the message was not sent.

**3. Same—Instructions.**

A husband delivered to the defendant's agent a message asking the addressee to inform his wife that he would be home the next day, which the defendant failed to transmit. The instructions of the court properly restricted evidence of the wife's consequent illness to the mental anguish suffered by the wife.

**4. Telegraph — Announcing Arrival — Evidence—Lost Letters—Collateral Matters.**

A husband, having written to his wife to expect him home on a certain day, afterwards telegraphed that he would be home on the day following, and the telegram was not transmitted by the defendant: *Held*, the letter was a collateral matter, and, if it were necessary to produce it at the trial, evidence of its loss was sufficient which tended to show that the wife did not keep her husband's letters, and that the husband had made unavailing search for the letter where his wife kept her letters and papers.

**5. Telegraph—Collect Message—Principal and Agent—Application of Money—Negligence—Damages.**

A husband and wife sued for damages for mental anguish caused by the failure to send a message the husband had addressed to her. The next day the wife sent a message to another person, charges collect, inquiring as to where her husband was. The addressee of the last message instructed the defend-

ant's agent to apply the money paid for the first message to the charges on the second one: *Held,* the addressee of the second message was without authority to thus direct the application of the money; and further, as the negligence had theretofore occurred, recovery was not barred by one payment of charges.

APPEAL from *Peebles, J.,* at September Term, 1911, of JOHNSTON.

This action was brought to recover damages for the negligent failure to deliver a telegraphic message, addressed by the plaintiff, R. D. Christmon, to G. F. Pope, at Dunn, N. C., 13 January, 1909, as follows: "Send word to wife will be home to-morrow. Am well." The message was delivered to the defendant's operator at Wendell the afternoon of 13 January, 1909, but was never sent by him to G. F. Pope. The operator was informed by R. D. Christmon, at the time he received the message for transmission and was paid the charges, when asked by the operator why it was addressed to G. F. Pope instead of his wife, that her condition was such that "he was afraid it would surprise and excite her," though he did not tell him what was the matter with her. He testified that she was in a delicate condition, though her general health was good. There is evidence that she was expecting her husband to return to Dunn by the train at 4 o'clock P. M. on 13 January, and when he failed to come by that train it made her very nervous and anxious, thinking that something had happened to him. She became very ill and her health was impaired by the premature birth of her child, which lived only a few hours. She suffered very much. The court admitted this evidence only for the purpose of showing her mental anguish, and carefully charged the jury in regard to it, instructing them not to consider it upon the question of damages, as follows:

"In considering the fourth issue, upon the question of damages, you must exclude all evidence that the plaintiff was taken with a nervous chill, was confined to her bed and forced to seek the services of a physician, or that a child was born to her prematurely and died."

There was other evidence from which the jury could infer that she suffered mental anguish as a result of the defendant's

failure to send the message. The court, at the request of the defendant, gave this instruction to the jury:

"The burden of proof is on the plaintiff to show, by the greater weight of the evidence, that her husband informed the agent of the defendant at Wendell of the importance of the message; and if she has failed to thus prove that he did, the plaintiff can only recover nominal damages, and you will answer the fourth issue, 50 cents. If you should find, in passing upon the fourth issue, that the plaintiff is entitled to recover actual damages, it is only such as were reasonably in the contemplation of the parties at the time the message from Christmon to his wife was received by the defendant's authorized agent at Wendell for transmission, and such as would directly and proximately result and reasonably be anticipated from the alleged negligence of the defendant."

The court refused to charge, at the request of defendant, that upon the evidence the *feme* plaintiff could only recover nominal damages.

The jury returned the following verdict:

1. Did the defendant receive for transmission the telegraphic message alleged in the complaint, with the charges and fees paid thereon, as alleged? Yes.

2. Did the defendant negligently fail to deliver the telegraphic message aforesaid? Yes.

3. Did the plaintiff suffer mental anguish by reason of the negligent failure of defendant to deliver said message? Yes.

4. What damages, if any, are the plaintiffs entitled to recover? $1,000.

The defendant, having duly reserved its exceptions to the rulings of the court, appealed from the judgment upon the verdict.

*F. H. Brooks and Aycock & Winston for plaintiff.*
*R. C. Strong for defendant.*

WALKER, J., after stating the case: The plaintiff was not entitled to recover damages merely because his wife became ill, as the message was not of the character to indicate that a failure to send it would naturally and probably cause her illness. Such a result was not in the contemplation of the parties, and the

judge so charged the jury. But in this case the defendant was notified by the message, and the information given to its operator, that Mrs. Christmon was in a very nervous condition, so much so that her husband would not send the message directly to her, but addressed it to a friend, who was to "break the news to her" in such way, according to his judgment and in the exercise of prudence and caution, as would prevent any harmful results. This information, with the message itself, was sufficient to notify the defendant that its contents would surprise and disappoint Mrs. Christmon, and almost the only inference to be drawn was that he had changed the date of his arrival at Dunn, making it later than he had before intended and as she had understood from him it would be. Why should he send a telegram at all, not addressed to her, but to his friend, informing her that he would be at home the next day, if she would not expect him to come sooner? If he had not already set any earlier time for his arrival, and the time of his return to his home had been left indefinite, a simple message that he would be there the next day would not be calculated to alarm her at all, but would have rather the contrary effect.

The facts in our case show that the husband was anxious about the delicate condition of his wife and wished her to be informed of his arrival the next day as soon as possible, for he used the telegraph instead of the mail. Why would she be alarmed by such a message, under ordinary circumstances, or if he had not told her that he would be home sooner? It was some evidence for the jury to consider upon the question of damages arising from the mental anguish caused by its negligence, and perhaps is stronger than evidence held sufficient in some of the decided cases. *Dayvis v. Telegraph Co.,* 139 N. C., 79; *Suttle v. Telegraph Co.,* 148 N. C., 480.

In the case last cited, after stating that there was evidence that the company was informed as to the nature of the message and could have inferred what the consequences of delay would more than likely be, we said: "It (the company) cannot close its mind to the knowledge of facts which are apparent, and thus plead its own ignorance as an excuse for its failure to deliver the message. If it carelessly disregarded the information

it received, and its evident import, its fault in this respect is not to be imputed to the plaintiff, so as to bar her right to damages. The operator was told by Mr. Suttle what his purpose was in sending the message and in asking for a prompt delivery that evening. It was to avoid the very thing that has occurred, and which every reasonable man, mindful of his obligation to others, should have known would occur. The delay of the company was clearly the proximate cause of the injury." And in *Dayvis v. Telegraph Co., supra, Justice Hoke* said: "This message was sent to prevent anxiety in the plaintiff's mind, and but for the defendant's default it would have fulfilled its mission." This record, in one respect, presents a stronger case for the plaintiff than did the facts in the cases cited, as here the *feme* plaintiff's delicate physical condition must be considered, and her great susceptibility to mental disturbance or mental anguish.

The court would not permit the jury to award damages merely because the *feme* plaintiff was made ill. This was carefully excluded by the judge. It was relevant to prove that her condition was serious, if not critical, in order that the jury might infer therefrom that she suffered mental anguish, so that the defendant's prayer for instructions was fully answered in this respect.

There was sufficient evidence of the loss of Christmon's letter to his wife, stating that he would be at home on the afternoon of 13 January, if it was necessary to produce the letter, it being a collateral matter. *S. v. Ferguson,* 107 N. C., 841; *S. v. Credle,* 91 N. C., 640; *S. v. Surles,* 117 N. C., 721; *Whitehurst v. Padgett,* 157 N. C., 424. Mrs. Christmon testified that she did not preserve her husband's letters, and he stated that he had searched for it in every place where his wife kept her letters and papers, and could not find it.

At the request of Mrs. Christmon, T. V. Smith sent a telegram to R. B. Whitley at Wendell, N. C., requesting Christmon "to come home at once," as his wife was very sick. The charges for this message were not prepaid, and Whitley told the operator at Wendell to apply the money paid by Christmon for the other message to the payment of the charges on the message to

him, and the court was requested to charge that, if they found these to be the facts, Mrs. Christmon had waived her right to recover damages for any negligence in not sending and delivering the message from her husband. But this does not follow. Whitley had no authority to direct such an application of the money, and, besides, the negligence had already occurred when he gave the order.