Action to recover damages for mental anguish for negligent failure to deliver a telegram reading:
MERRITT GRISWOLD, Bear Creek, N.C.
Father died at 12 to-day. Burial to-morrow evening, church.
OSCAR GRISWOLD.
(174) The telegram was filed with the Postal Telegraph Company's agent at Wendell, N.C. on Sunday afternoon, 4 February, 1912, at about 4 p.m. It was delivered by Oscar Griswold, nephew of plaintiff, and the agent explained to him that it was doubtful if the message could be gotten through. The agent sent the message off, closed his office, and never went back until Monday morning. The message was received at Bear Creek, N.C. about 6:15 p.m. of the same day by the agent of the defendant, and was not delivered to the plaintiff until the forenoon of Monday. The agent at Bear Creek was in his office when call was made for him, though his Sunday hours were from 8 to 10 in the morning, and 1:30 to 3:30 in the afternoon, and he made no effort to deliver the same or send a service message until the next forenoon. The deceased was brother of the plaintiff and *Page 141 
father of the sender of the message. He died about noon on 4 February, 1912, and was buried at the church about 4 p.m., 5 February, 1912, several miles in the country from Wendell.
There was evidence tending to show that plaintiff could and would have driven to Sanford the night of the 4th, caught a midnight train on the Seaboard for Raleigh, and reached the funeral and burial in time.
The defendant moved for judgment as in case of nonsuit at the close of the plaintiff's evidence, and at the close of the whole evidence renewed the motion. The motion was denied. The defendant also excepted to so much of his Honor's charge as related to the duty of the defendant's agent at Bear Creek to use reasonable effort to deliver the message on Sunday evening after its receipt by him.
The exceptions taken by the defendant bear upon only one point, and that is, what duty the defendant owed to the plaintiff to make any effort to deliver the message to him, after it had received the same at Bear Creek, N.C. several hours after the closing of the defendant's office at that point, in accordance with its office hours for Sunday.
There was a verdict and judgment for the plaintiff, and the defendant appealed.
The appeal presents the single inquiry as to the (175) correctness of the rule that when the telegram is received by the agent of the telegraph company, although outside of reasonable office hours, it is his duty to make reasonable efforts to deliver it, or if he cannot do so, he must endeavor to send a message to the sender, notifying him of nondelivery, and is controlled by Carter v. Telegraph Co.,141 N.C. 374; Suttle v. Telegraph Co., 148 N.C. 480; Carswell v.Telegraph Co., 154 N.C. 112, which have been affirmed at this term in Ellison v. Telegraph Co., ante, 5.
No error.
Cited: Miller v. Tel. Co., 167 N.C. 316. *Page 142